VICTOR GENNA,

versus

VOGEMANN-GOUDRIAN CO., INC.

NO. 8772,

COURT OF APPEAL,

PARISH OF ORLEANS.

8772

WILLIAM A. BELL, JUDGE:

November 13, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED Nov - 13/22

8772

BY: WILLIAM A. BELL, JUDGE:

Plaintiff brings this suit under Workmen's Compensation Act 20 of 1914 and amendments.

It is alleged in the petition that he was in the employ of the defendant corporation on December 15, 1921, and engaged in the course of his employment with the said corporation as foreman looking after the loading of the S.S. "Voorburg" at the river front and Mandeville Streets in New Orleans, and that while so employed "he was struck violently by two barrels of rosin being thrown against his left leg while they were being hoisted into the ship from the wharf or levee."

It is not necessary to note any other averments of the petition which, together with the above noted averments, fully disclosed the cause of action under which plaintiff might have recovered but for reasons herein after stated.

Defendant answers, and as a special response to the suit avers that at the time petitioner was injured he was standing on the deck of the steamship directing the operation of loading said steamship and that he sustained accidental injuries through no fault, carelessness or negligence of respondent. Further answering, it is averred that if petitioner was injured at the place and manner alleged by defendant, that there is no liability unto petitioner for workmen's compensation as provided by Act 20 of 1914 and amendments thereto.

In the course of the trial, the plaintiff while under examination, testified as follows:

Q. You were employed by the Vogeman-Gourdrian Co., Inc.?
A. Yes, sir.

Q. And in the course of your employment you were on the deck of the ship?

A. Yes, sir; I had just come from the wharf and went on the deck to tell the men what was down in the hold.

Q. What were the men doing?

A. Storing rosin between decks.

Q. From the levee to the ship?

A. Yes, sir.

At this point of the trial, counsel objected to any further proceedings in the case on the ground that the testimony of plaintiff disclosed the fact that at the time of the accident he was performing under a maritime contract, and then being employed on a ship engaged in loading cargo for the defendant company, and that for this reason the trial court was without jurisdiction, _ratione materiae_, the suit having been brought under Louisiana Workmen's Compensation Act 20. of 1914.

After consideration, the court maintained the objection and rendered judgment dismissing the suit at plaintiff's cost, from which ruling an appeal was taken to the Supreme Court of this State.

On June 22, 1922, counsel for plaintiff and appellant filed a motion in the Supreme Court admitting that the appeal had been taken to said court by error, and suggesting that the same be transferred to this court. An order to this effect was accordingly entered, and the case is now before us for consideration.

Among the hazardous trades, business, or occupations provided for in the Louisiana Workmen's Compensation Act, is loading or unloading the cargoes of vessels. Because of the fact that plaintiff was shown to have been engaged in the loading of the vessel upon which he was hurt, and because of the law as interpreted by the Supreme Court of the United States hereinafter cited, as well as the authorities of our Supreme Court, the petition herein filed was dismissed on the objections above narrated. Counsel for plaintiff argues that the exception to the jurisdiction of the court _ratione materiae_ was filed too late and that the issue of defendant's liability to plaintiff for workmen's compensation should have been raised by exception of no cause of action and not by answer. An examination of the pleadings makes plain that such procedure would have been futile and unnecessary, and that until the definite fact as alleged by respondent was developed at the trial of the case, the plea fatal to the petitioner could

96

not have been properly urged. The prohibition itself in the Workmen's Compensation Act against technical pleadings likewise justified the course pursued by respondent, and we dismiss plaintiff's contention on these points without further comment.

The ruling of the judge a qua in dismissing plaintiff's petition was particularly challenged by counsel for plaintiff and appellant, who cites the decision of the United States Supreme Court in the case of Veasey v. Peters, 142 La. 1013, but we find that this decision of our State Supreme Court has been overruled by the Supreme Court of the United States, Peters et als. v. Veasey, 251 U.S. 121.

In this latter case; the court holding the ruling of our Supreme Court to be erroneous, said:

> "By an act approved October 6, 1917, Congress directed that both of these clauses be amended by inserting after 'saving to suitors in all cases the right of a common law remedy where the common law is competent to give it,' the words 'and to claimants the right of remedies under the Workmen's Compensation Law of any state.'
>
> The court below erroneously concluded that this act should be given retroactive effect and applied in the present controversy. There is nothing in the language of employed nor is there any circumstance known to us, which indicates a purpose to make the act applicable when the cause of action arose before its passage; and we think it must be so construed."

Under the foregoing authority as just quoted, it is conclusive that any state Workmen's Compensation Act granting the right of recovery under state procedure in maritime contracts, is unconstitutional and therefore to such extent unenforceable, and in as much as the plaintiff in the instant case is shown to have been acting at the time of his accident under a maritime contract, he is barred from recovery under the Workmen's Compensation Law of this State.

In the case of Lawson v. N.Y. P.R. S.S. Co., 148 La. 290, the Court said:

> "Formerly the Admiralty Court could alone have had original jurisdiction but by an act of Congress, an amendment to

97

the judicial code, approved October 6, 1917, **** was passed.**** While this case was pending in this court on appeal, the Supreme Court of the United States, in an opinion in Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, held the amending statute above referred to unconstitutional, null and void. On the strength of that decision, defendant's counsel filed a motion for rehearing accompanied by a plea to the jurisdiction of the State Courts.

As this suit is brought under a maritime contract over which the District Courts of the United States have exclusive original jurisdiction, the suit will have to be dismissed." Monvoisin v. Plant, 147 La. 464.

We find no error in the judgment appealed from and same is therefore affirmed at plaintiff's cost in all courts.

JUDGMENT AFFIRMED.

November 13, 1922.