# PETERS ET AL. *v.* VEASEY, ADMINISTRATRIX OF VEASEY.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 77. Argued November 14, 1919.—Decided December 8, 1919.

Prior to the Act of October 6, 1917, c. 97, 40 Stat. 395, amending Jud. Code, §§ 24, cl. 3, and 256, cl. 3, a state workmen's compensation law had no application to a case of personal injuries suffered by one employed as a longshoreman, while engaged as such, on board, in unloading a ship. P. 122. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205.

The Act of October 6, 1917, *supra,* was not intended to apply to a cause of action of that character, which arose before the act was passed. *Id.*

142 Louisiana, 1012, reversed.

THE case is stated in the opinion.

*Mr. George Janvier,* with whom *Mr. William C. Dufour, Mr. Gustave Lemle, Mr. A. A. Moreno* and *Mr. John St. Paul, Jr.,* were on the brief, for plaintiffs in error.

*Mr. Walter S. Penfield, Mr. Solomon Wolff, Mr. E. M. Stafford, Mr. F. B. Freeland* and *Mr. Howell Carter, Jr.,* for defendant in error, submitted.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

In a proceeding under the Workmen's Compensation Law of Louisiana (No. 20, Acts La., 1914), the Supreme Court of that State affirmed a judgment against plaintiffs in error and in favor of Veasey, who claimed to have suffered injuries, August 6, 1915, while employed by Henry

and Eugene Peters as a longshoreman on board the
"Seria," then lying at New Orleans. The steamer was
being unloaded. While upon her and engaged in that
work, Veasey accidentally fell through a hatchway. 142
Louisiana, 1012.

A compensation policy in favor of Peters, issued by the
Ætna Life Insurance Company, was in force when the
accident occurred.

The work in which Veasey was engaged is maritime
in its nature; his employment was a maritime contract;
the injuries which he received were likewise maritime;
and the rights and liabilities of the parties in connection
therewith were matters clearly within the admiralty juris-
diction. In such circumstances, the Workmen's Compen-
sation Law of the State had no application when the
accident occurred. *Atlantic Transport Co.* v. *Imbrovek*,
234 U. S. 52, 59, 60, 61; *Southern Pacific Co.* v. *Jensen*,
244 U. S. 205, 217, 218.

Clause third, § 24, of the Judicial Code, confers upon
the District Courts of the United States jurisdiction "of
all civil causes of admiralty and maritime jurisdiction,
saving to suitors in all cases the right of a common-law
remedy where the common law is competent to give it."
Clause third, § 256, provides that the jurisdiction of the
courts of the United States shall be exclusive in "all civil
causes of admiralty and maritime jurisdiction, saving to
suitors in all cases the right of a common-law remedy
where the common law is competent to give it." By an
act approved October 6, 1917, c. 97, 40 Stat. 395, Congress
directed that both of these clauses be amended by insert-
ing after "saving to suitors in all cases the right of a
common-law remedy where the common law is competent
to give it," the words "*and to claimants the rights and
remedies under the workmen's compensation law of any
State.*" The court below erroneously concluded that this
act should be given retroactive effect and applied in the

present controversy.  There is nothing in the language employed, nor is there any circumstance known to us, which indicates a purpose to make the act applicable when the cause of action arose before its passage; and we think it must not be so construed.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE BRANDEIS and MR. JUSTICE CLARKE dissent.