RODRÍGUEZ, PLAINTIFF AND APPELLEE, *v.* MERCADO & SONS, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2062.—Decided May 8, 1920.

JURISDICTION—ADMIRALTY JURISDICTION—DAMAGES.—A district court of Porto Rico has no jurisdiction of an action to recover damages, under a local law providing for the relief of workmen, for injuries sustained in 1916 on board of a lighter which carried sugar to a steamship anchored in a port of the

Island. That law is not one of the exceptions where the local courts have concurrent jurisdiction with the admiralty courts; therefore the doctrine applicable to this case is that laid down by the Supreme Court of the United States in *Atlantic Transport Company* v. *Imbrovek*, 234 U. S. 52; *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205, and *Peter* v. *Nellie Vearsey*, decided December 8, 1919.

The facts are stated in the opinion.

*Mr. A. F. Castro* for the appellants.

*Mr. R. Martínez Nadal* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the appeal taken by the defendants from the judgment of the District Court of Ponce allowing recovery by the plaintiff of a certain sum of money for damages, the appellants allege in this court, and for the first time in this action, that the trial court and this court have no jurisdiction of the subject-matter of the action, because the claim asserted falls under the admiralty jurisdiction, which is exclusively in the United States District Courts, citing the cases of *Atlantic Transport Company* v. *Imbrovek*, 234 U. S. 52, and *Southern Pacific Company* v. *Jensen*, 244 U. S. 205, in both of which cases it was held that work performed by a stevedore on board a ship in unloading her at a wharf in navigable waters is maritime; that his employment for such work and injuries suffered in it are likewise maritime; that the rights and liabilities arising from such work, employment and injuries are clearly within the admiralty jurisdiction, and that the State Workmen's Compensation Act was not applicable when the accident occurred. Later that doctrine was applied in the case of *Peters et al.* v. *Veasey*, 251 U. S. 121, a case of a longshoreman engaged, on board, in unloading a ship.

The complaint is dated February 27, 1917, its verification is dated March 26, 1917, and the answer is dated April 17, 1917. From the evidence examined at the trial it appears that the appellee is a longshoreman who does not work on land, but between shore and ship; that on the 30th of December, 1916, when the accident took place, he was

engaged in loading sacks of sugar into lighters in which the sugar was to be taken to a steamship anchored in the port of Guayanilla where he assisted in hoisting them on board the ship, and that when the lighter in which the appellee was engaged, towed by a gasoline motor boat, arrived alongside the steamer it collided with another lighter there and the fingers of his hand were injured by being caught against the gunwale of the other lighter.

Although the complaint does not show very clearly that the plaintiff brought his action under Act No. 19 of April 13, 1916, providing for the relief of such workmen as may be injured, or of the dependant families of those who may lose their lives, while engaged in trades or occupations, and for other purposes, nevertheless this fact is made clear by taking into account that not only the defendants understood, according to their answer, that the plaintiff based his action on that act, but also that the plaintiff, under that act, moved the court to strike out certain defenses set up by the defendants in their answer, which the court sustained in conformity with the said act, and because in this appeal the plaintiff insists that the said act is applicable to the case.

In accordance with the case of *Atlantic Transport Company* v. *Imbrovek, supra,* the work of appellee Rodríguez is of a maritime nature, although he only worked on board of a lighter engaged in transporting sugar on navigable waters for loading a steamship and the accident did not occur on board of the ship. The other two cases support the conclusion that a local law regulating actions for workmen's compensation for damages is not one of the exceptions where the local courts have concurrent jurisdiction; therefore we are constrained to apply to this case the doctrine laid down by the Supreme Court of the United States in the cases cited and, consequently, to hold that the lower court had no jurisdiction of the subject-matter of this action,

for which reason the judgment appealed from must be reversed and the complaint dismissed without costs.

*Reversed.*

Chief Justice Hérnández and Justice del Toro concurred.
Justices Wolf and Hutchison took no part in the decision of this case.