O’NIELL, J.
Plaintiff appeals from a judgment rejecting his demand for compensation under the Employers’ Liability Act (Act No. 20 of 1914). He sprained his back, or suffered what is technically termed a sacroiliac separation, while working as a longshoreman, unloading a steamship of the defendant company.
[1] The district judge has not furnished us a written opinion, further than that he considered-“the law and the evidence to be in favor of the defendant.” On the contrary, the law and the evidence appear to us to be entirely in favor of the plaintiff. He testified that, at about 8:30 a. m., on the 30th of July, 1919, while employed with a gang of men, lifting a heavy steel beam, called the burden piece, supporting the covers of the ship’s hatch, he sprained his back so that he was unable to continue working. 1-Ie immediately reported to the foreman, who, being short-handed, appealed to him to go into the hatch and work until he, the foreman, could find a man to relieve him. Plaintiff went into the hatch and worked, lifting sacks of sugar, with great difficulty, until about 3:30 or 4 o’clock that afternoon, when his suffering compelled him to quit. 1-Ie again reported to the foreman, who sent him to the Elint-Goodrich Hospital, then supposed to have charge of the patients of the indemnity company. The physician of the indemnity company was promptly notified by defendant of plaintiff’s injury. 1-Ie was examined by the physician or surgeon in charge of the hospital on July 31 or August 1, 1919; and the physician testified that he found plaintiff 'complaining of pains in his back and of being unable to move. The physician strapped plaintiff’s back with adhesive plasters, and issued a certificate on August 28, 1919, saying that plaintiff was injured on July 30, 1919, and was yet under his treatment and not yet able to work. In his testimony in this case, the doctor confirmed his diagnosis of the case, saying that plaintiff was yet unable to work. The assistant surgeon in charge of the hospital ordered a sacroiliac belt, a contrivance made especially for sprained back or sacroiliac separation; and plaintiff was yet wearing the belt at the time of the trial of this case.
Plaintiff’s testimony is corroborated by that of two longshoremen, who were working with him on the ship, by the testimony of the foreman of the gang, and by the testimony of the physicians who examined him at different times after the accident. 1-Ie consulted, and was examined by, eight physicians, including two X-ray specialists, with regard to the injury to his back. It appears that the examination by each physician was at a different time. Five of the physicians testified in this case, two having been summoned by the plaintiff, and three by the defendant. It does not appear that any of them had any reason to suspect that plaintiff was malingering. On the contrary, their testimony leaves no doubt that plaintiff was seriously injured in the manner alleged in his petition, and proven by his testimony and by that of his foreman and fellow workmen. In fact, no attempt was made to discredit the veracity of the plaintiff, of the foreman, or of the two other longshoremen, who testified in his behalf. The foreman testified that plaintiff had worked for him, off and on, for seven years, and had been one of his regular men; that plaintiff was always a man of great physical strength before the accident; that he, the foreman, therefore,, always put plaintiff at the hardest task, and that he, plaintiff, had never complained *293 of any work being too hard for him before the accident.
The evidence shows that plaintiff’s average weekly wages amounted to $30 or more before the accident. Under subsection (a) of section 8 of Act 20 of 1914, as amended by Act 38 of 1918, p. 53, he should be paid “for injury producing temporary total disability to do work of any reasonable character, fifty-five per centum of wages during the period of disability, not, however, beyond three hundred weeks.” The maximum limit, however, is fixed at $16 a week by section 3 of Act 38 of 1918. Plaintiff claimed $16 per week for 400 weeks, alleging that his disability was not only total but permanent. The testimony of the physicians convinces us that, though plaintiff’s disability to do work of any reasonable character was a total disability, it is only temporary. He is therefore entitled to the weekly compensation claimed in his petition, during the period of disability, not, however, beyond 300 weeks.
The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that plaintiff recover of and from the defendant company compensation at the rate of $16 per week, during the period of his disability, commencing on the 30th of July, 1919, not, however, beyond 300 weeks from that date; the amount of compensation due for the time which will have expired when this judgment shall have become final shall then be collectible in full, and the balance of the compensation shall be payable weekly thereafter. The defendant is to pay all costs of this suit.