Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BERTHA WILDFEUER, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of EDWARD WILDFEUER, *v.* MILLER & GOLD, Employers, and THE NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, May 4, 1921.

**Workmen's Compensation Law — admiralty and maritime contracts — employee not engaged in work of maritime nature while delivering furniture to barge tied to dock.**

An employee of a furniture dealer who was drowned while delivering furniture on board a barge tied to a dock in the Hudson river, which furniture the captain of the barge had purchased from the employer for delivery thereon, was not engaged in work of a maritime nature, and an award against the employer was proper.

APPEAL by the defendants, Miller & Gold and another, from an award of the State Industrial Commission, made on the 30th day of September, 1920.

*Frederick Mellor* [*Chester E. Barrett* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

KILEY, J.:

On April 12, 1915, the deceased was in the employment of Miller & Gold, furniture dealers, of New York city. The firm had sold a bill of goods to the captain of a barge belonging to the Empire Brick and Supply Company, which was tied up at the One Hundred and Fiftieth street pier, East river, New York city. On that day the employee, Edward Wildfeuer, twenty years old, was delivering the goods so purchased on board the barge and fell into the river and drowned. Notice of death and application for compensation was duly given and made. On July 22, 1915, the record recites the making of an award, apparently in favor of the father, mother and children, who were brothers and sisters. On August 18, 1915, the terms of the award, now opposed, were incorporated into a final award in favor of the mother, respondent, and a minor brother and two minor sisters. That award was paid by weekly payments made until July 12, 1920, when the appellant carrier stopped, giving as a ground for such default the decision of the United States Supreme Court in *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149). The appellant made an application to rescind the award, which application was heard on September 9, 1920, and which was denied and a formal award, based upon findings of fact and conclusions of law, was made, dated September 30, 1920. The appellants in their notice of appeal quote the provision of the decision of the Commission, to which they take exception as follows: " Application for rescission is denied. Carrier is hereby directed to continue payments under the original award." Appellants say this is an admiralty case, and that the *Knickerbocker Case* (*supra*) is controlling. The first sentence of the opinion of the United States court in that case reads as follows: " While employed by Knickerbocker Ice Company as bargeman and doing work of a maritime nature, William M. Stewart fell into the Hudson River and drowned, August 3, 1918." It is unnecessary, for the purpose of this decision, to discuss the relation of the *Knickerbocker* case to *Southern Pacific Co.* v. *Jensen* (244 U. S. 205), or the amendment of the United States Judicial Code (40 U. S. Stat. at Large, 395, chap. 97, §§ 1, 2, amdg. 36 id. 1091, § 24, subd. 3, and 36 id. 1160, 1161, § 256, subd. 3). The sentence quoted shows that the court in that case was

dealing with a maritime question. Here we have the deceased working for an employer, whose business is on land and his contract was to be performed on the land. In this instance the employee was required to do work under a land contract not a contract in any way maritime in its nature. He was not even loading goods, the sale of which involved any contract for water carriage. They were for delivery at the water edge, viz., on the barge tied at the dock. The appellants quote from *Sullivan* v. *Hudson Navigation Co.* (182 App. Div. 152, 161): " The authorities seem to hold, etc." That expression had to do with matters involving torts; this is a contract case, and I think the statement in the same case on same page, to wit: " It is not the particular kind of work which the person is qualified to perform, or the fact that he is performing a particular kind of work, which determines the exclusive jurisdiction of a court of admiralty; *it is the character of the contract — whether it has reference to maritime service or maritime transactions.*" Applying that rule here, the employer had no contract that had reference to maritime service or maritime transactions. As that is the only question raised and as to that I am with the respondents, I advise affirmance.

Award unanimously affirmed.