(110 So. 182)

No. 27681.

### JONES v. CRESCENT CITY ICE MFG. CO., Inc.

### In re JONES.

(March 29, 1926.  On Rehearing, Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

On Rehearing.

1. **Admiralty** ⬅➡10.

"Maritime contracts" are contracts which pertain to navigation, business, or commerce of the sea.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime Contract.]

2. **Admiralty** ⬅➡20.

Employee of ice company, receiving injuries when storing ice on vessel, *held* employed in carrying out maritime contract, precluding jurisdiction of state court, under Act No. 20 of 1914.

St. Paul, J., O'Niell, C. J., and Brunot, J., dissenting on rehearing.

Certiorari to Court of Appeal, Parish of Orleans.

Suit by Sarah White Jones, tutrix of the estate of the minor son and sole heir of Warren Beasley, deceased, against the Crescent City Ice Manufacturing Company, Inc. Judgment dismissing the suit was set aside by the Court of Appeal and suit dismissed on another ground, and plaintiff brings certiorari. Affirmed on rehearing.

J. A. Morales, James D. McGovern, and Josiah Gross, all of New Orleans, for applicant.

J. C. Henriques and Frank T. Doyle, both of New Orleans, for defendant.

BRUNOT, J.  This is a suit for compensation. It is brought under the provisions of Act No. 20 of 1914 and the acts amendatory thereof. In the civil district court the defendant excepted to the jurisdiction of the court and also filed an answer to the merits. The case was tried upon the exception and merits.  The exception was not directly passed upon, but the trial court dismissed plaintiff's suit upon the ground that the accident did not happen to the deceased during the course of his employment.  The case was appealed, and the Court of Appeal of Orleans held that the judgment rendered on the merits was error because the exception to the court's jurisdiction should have been sustained.  It therefore set aside the judgment appealed from, but sustained the exception to the jurisdiction of the trial court and dismissed the suit on that ground.  Plaintiff thereupon applied to this court for certiorari and writ of review; the usual order issued, and the record is now before us.

The record discloses that Sarah White Jones was regularly appointed and qualified as the tutrix of the minor son and sole heir of Warren Beasley, deceased; that Beasley came to his death by falling through an open hatch on board the steamship Garry while the vessel was lying in the Mississippi river, at the head of First street at the city of New Orleans; that when the accident occurred he was engaged in packing ice in an ice box on board the ship; that the Crescent City Ice Manufacturing Company, Inc., had a contract to deliver ice to the Garry and to store the ice in the ice boxes on the ship; that Beasley was an employee of the Crescent City Ice Manufacturing Company, Inc., as a box man at the ice plant, but part of his duty consisted in being sent out to assist in ice deliveries; that the Crescent City Ice Manufacturing Company, Inc., on the particular occasion which resulted in the accident and death of Beasley, finding that the men who usually performed the labor of storing ice in the ice boxes of the ship were not then available, sent Beasley out to assist in the performance of this work, and, while thus

engaged, he suffered the injuries which caused his death.

It is contended that the steamship Garry paid for the labor incident to the storing of ice in the ship's ice boxes, and therefore Beasley was in the employ of the steamship when the accident occurred, and it is upon this hypothesis that defendant predicates its exception to the jurisdiction of the civil district court. The steamship Garry not only paid for the storage of the ice, but it also paid for the ice, and it paid the entire bill for the cost of the ice, as well as the storage thereof, to the defendant ice company. There was no contractual relation whatever, whether of employment or otherwise, between the steamship Garry and the deceased. The latter was the employee of the defendant company, which company had contracted to deliver the ice to the ship and to store it in the ship's ice boxes; and Beasley was ordered by the platform clerk of the defendant company to accompany the driver, Nelson, to the Garry and to assist in storing a load of ice on that ship (Trans. p. 35), and he was engaged in this work when he was injured.

The sole contention of defendant is that Beasley was killed as the result of injuries received while performing maritime service on board a vessel in navigable waters. Therefore the case presents only one issue, that of jurisdiction. In support of their exception to the jurisdiction of the court counsel cite many authorities, all of which correctly hold that the admiralty courts of the United States have exclusive jurisdiction over torts occurring on the navigable waters of the United States when the person injured was engaged in employment of a maritime nature and under a maritime contract. These authorities do not apply, unless it is made to appear that the person was injured *while engaged in employment of a maritime nature under a maritime contract.*

Counsel also cite a number of authorities holding that the work or contract of loading or unloading a vessel is a maritime contract; that the character of the work and not the character of the commodity determines the nature of the contract. These authorities do not apply unless it is made to appear that the person injured was injured while engaged in *loading or unloading goods from a vessel which were involved in a contract for water carriage.*

In this case, the facts are that at the time Beasley was injured he was not either engaged in loading or unloading the vessel. He had assisted in delivering the ice at the ship's side. It was loaded on the ship from the pier by the regular crew of the vessel, and Beasley received his injuries while storing the ice in the ship's ice boxes after it had been placed on the ship. This is a stronger case than Wildfeuer v. Miller, 196 App. Div. 667, 188 N. Y. S. 81. In that case the court said:

"Deceased entered the employment of Miller, furniture dealer in New York; the firm had sold a bill of goods to the vessel which was tied at 150 St. pier. While delivering the goods, Wildfeuer fell off the vessel into the river and was drowned. The terms of the award now opposed were incorporated into a final award in favor of the surviving mother. July, 1920, applicants stopped further payments, giving as a reason the case of Knickerbocker v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. 'While employed by Knickerbocker as bargeman doing work of a maritime nature Stewart fell into the Hudson river and drowned.' It is therefore unnecessary for the purpose of this decision to discuss the relation of the Knickerbocker Case to the Jensen Case, 224 [244] U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. The sentence quoted shows that the court in that case was dealing with maritime questions. Here we have the deceased working for an employer whose business is on land. In this instance the employee was required to do work under a land contract, not a contract in any way maritime in its nature. *He was not loading goods the sale of which involved a contract for water carriage.* The goods were for de-

livery on the vessel tied at the dock. Appellant quotes Sullivan v. Hudson Nav. Co., 182 App. Div. 152, 169 N. Y. S. 645. Plaintiff in that case was a deck hand and was injured while on navigable waters. The case was one of tort, while the present case is a contract case. It is not the particular kind of work which one is to perform or the fact that he is performing a particular kind of work which determines the exclusive jurisdiction of a court of admiralty. It is the character of the contract, whether it has reference to maritime services or maritime transactions. Applying this rule, the employer in this case had no contract that had reference to maritime services or to maritime transactions."

From our research, we find many authorities which are in accord with the ruling in the Wildfeuer Case from which we have quoted, and, in our opinion, the weight of authority sustains the conclusions announced therein. These conclusions are decisive of the case at bar. In our research we have also found many cases holding that contracts upon land to be executed at sea and contracts at sea to be executed upon land do not come within the admiralty jurisdiction. We have also found many cases in which it is held that where the employer is engaged in interstate commerce, if the work which the employee was engaged in was intrastate, the state compensation law applies. This court has recently so held.

Counsel for defendant have cited two recent decisions of the Supreme Court of the United States; viz., Gonsalves v. Morse Dry Dock & Repair Co., 266 U. S. 171, 45 S. Ct. 39, 69 L. Ed. 228, and Robins Dry Dock & Repair Co. v. Dahl, 266 U. S. 449, 45 S. Ct. 157, 69 L. Ed. 372. We fail to see the application of either of the cited cases to the case at bar. In both of them recovery was sought by an employee of the Dry Dock Company who was injured while engaged in repairing a vessel. In the Gonsalves Case, the vessel was in a floating dry dock when the libelant was injured. The court very properly held that the vessel undergoing repairs was in the maritime jurisdiction of the admiralty court. In the Dahl Case the vessel was floating in navigable waters, and in both cases the contracts for the repair of the vessels were maritime contracts.

In this case, the record shows that Beasley received the injuries which resulted in his death while engaged in the performance of work of a hazardous nature within the scope of his employment under a land contract, and therefore the tutrix of his minor son is entitled to recover from the defendant, in her capacity as tutrix, for the benefit of the minor Eleck Beasley, 30 per cent. of $21, the weekly wage the deceased was receiving at the date he was injured, for a period of 300 weeks, as provided by section 8 of Act 247 of 1920, subd. 2, paragraph (d), and $100 additional for funeral expenses.

For the foregoing reasons the judgment of the civil district court and of the Court of Appeal are avoided and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Sarah Jones White, in her capacity as tutrix, for the benefit of Eleck Beasley, the minor son of Warren Beasley, deceased, and against the Crescent City Ice Manufacturing Company, Inc., defendant, for the sum of $1,990, with legal interest thereon from the date each weekly payment should have been made after the death of Warren Beasley, which occurred on December 3, 1921, and for all costs in the civil district court, Court of Appeal, and this court.

### On Rehearing.

ROGERS, J. On a reconsideration of this case, we have reached the conclusion that the Court of Appeal rightly sustained defendant's exception to the jurisdiction of the court.

The settled rule is that in matters of contract admiralty jurisdiction depends upon the

nature of the transaction, and in matters of tort upon the locality where the tort occurs.

In the case presently before us, it is undisputed that plaintiff's husband received his fatal injury on navigable waters, and the sole question to be determined is whether his employment was maritime in its nature.

[1] By the general admiralty law, maritime contracts include maritime services in building, repairing, supplying, and navigating ships; i. e., they are contracts which pertain to the navigation, business, or commerce of the sea.

[2] Here the facts which are fully set forth in our original opinion show that the deceased was injured while actually engaged in loading the vessel with ice as a part of its necessary supplies. He was therefore employed in carrying out a maritime contract. His activities, at the time of the accident, were directly connected with the navigation, business, and commerce of the sea. In these circumstances, the rights and liabilities of the parties must be determined by the admiralty courts.

The following cases are pertinent to the issue involved: viz., Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Peters v. Veasey, 251 U. S. 121, 40 S. Ct. 65, 64 L. Ed. 180; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; Great Lakes Dredge & Dock Co. v. Kierejewski, 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756; Lawson v. New York & Porto Rico S. S. Co. 148 La. 290, 86 So. 815.

For the reasons assigned, the judgment of the Court of Appeal is affirmed at relator's cost.

O'NIELL, C. J., and BRUNOT, J., dissent.

ST. PAUL, J. (dissenting). The defendant says in its (first) brief: "The admiralty courts of the United States have exclusive jurisdiction over torts occurring on the navigable waters of the United States when the person injured was engaged in employment of a maritime nature *under a maritime contract*. The compensation laws of a state have no application in such cases and the State Courts have no jurisdiction. (Italics mine.)" Citing authorities.

(1) To this, perhaps, no exception may be taken. But the *first* question to be met in all such cases is whether the cause of action relied upon grows primarily out of such maritime tort or contract or only out of some *nonmaritime contract*, the maritime tort being then only incidental. Thus if a person be injured or killed aboard ship by the negligence of her crew, there is a maritime tort giving rise to an action in admiralty against the ship or her owners; but there is also an injury or a death giving rise to an action upon any accident or life insurance policy which he may have carried. And since an accident or life insurance policy is not a maritime contract, it follows that the state courts have jurisdiction of an action upon such a policy, notwithstanding that the injury or death may have resulted from a maritime tort.

(2) A state may or may not have the right to regulate between employer and employee the terms of employment (when nonmaritime in character); but, be that as it may, the state of Louisiana has not attempted to do so. The Louisiana Workmen's Compensation Statute (Burke-Roberts *Employers' Liability Act*, so-called; Act 20 of 1914, p. 44, and amendments) prescribes nothing more than that, *in the absence of agreement to the contrary*, the contract of employment shall be presumed to have been entered into in accordance with the provisions of the statute. See section 3, pars. 1 and 3, pp. 46, 47. And the terms of the statute are, in effect, simply these: That, in certain (nonmaritime) occupations, the employer (in consideration of cer-

tain waivers on, the part of the employee) *insures* the employee, up to certain sums, against the risks of the employment and the result of accidents sustained in the course thereof. See section 2, p. 46.

(3) Conceding that, perhaps, a state can make no regulations affecting a (strictly) maritime contract, it is none the less a maxim of the law that "A digniori (et fortiori) fieri debet denominatio et resolutio," i. e., "The title (or name) and exposition of a thing ought to be derived from, or given or made with reference to the more worthy (or greater) degree, or quality, or species of it." See 1 Corp. Jur. p. 1194, n. 45. Thus, a merchant's delivery boy is none the less a mere messenger or porter, and not a stevedore, even though occasionally directed to deliver a package on board a ship; and hence *his original contract of employment* does not, on that account, become a *maritime* contract.

(4) The cause of action herein sued upon not being the maritime tort but *the insurance feature of the original contract of employment*, and that being nonmaritime in its nature, I am at a loss to understand why an admiralty court and not a state court should have jurisdiction in this action between employee and employer on such contract.

(5) Of course, I am not referring to the action which the employee and his employer (duly subrogated pro tanto on paying compensation) still have against the ship and her owners for the damages resulting from such tort. That action, of course, comes within the jurisdiction of the admiralty courts. But the present action has nothing to do with that. Non constat that there was any tort whatever; nevertheless, the employer would still be liable for compensation under the terms of the employment, because there was an *accident* within the meaning of the statute (section 38, p. 62), and a resulting injury.

I therefore dissent.