No. 2528

Second Circuit

---

MEYERS v. HANKINS BROTHERS

---

(December 11, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana     Digest—Courts—Par.     150, 152.

Ferry boats are within the admiralty jurisdiction no matter how small even when used entirely within a state, if used on navigable waters.

2. Louisiana Digest—Master and Servant —Par. 154, 156; Courts—Par. 168.

The state courts of Louisiana have no jurisdiction rationae materiae of Workmen's Compensation Cases originating by an accident to an employee, on a ferry boat, on a navigable body of water.

3. Louisiana     Digest—Courts—Par.     150, 152.

The United States courts have exclusive jurisdiction of all Workmen's Compensation Cases originating by injury to an employee on a ferry boat on a navigable body of water.

Appeal from the Tenth Judicial District Court of Louisiana, parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Amanday Meyers against Hankins Brothers.

There was judgment for the defendant and plaintiff appealed.

Judgment affirmed.

J. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

S. R. Thomas, of Natchitoches, Frank Macheca, J. C. Henriques, Frank T. Doyle, of New Orleans, attorneys for defendant, appellant.

ODOM, J.     This is a suit under the Workmen's Compensation Act. (Act 20 of 1914, and amendments.)

Plaintiff sues for compensation at $5.68 per week for the death of her son, Pinckney Richards, who was killed while in the employ of defendants.

Paragraph 3 of the petition reads as follows:

"That as part of the said Hankins Brothers' business and occupation of bridge construction work and in doing repairs on the highway bridge across Red River at Grand Ecore, about four (4) miles north of the city of Natchitoches, Louisiana, in said parish, they operated and run a ferry boat or flat for the purpose of cross traffic and their own employees on and across Red River at said place, and your petitioner's son, Pinckney Richards, was employed as a laborer on said ferry boat or flat and to do among other labor service to operate by hand a pump for the purpose of keeping said ferry boat or flat free from water inside thereof."

And paragraph 4 as follows:

"That on the said 12th day of March, 1925, your petitioner's said son, while in the employ of said Hankins Brothers and while engaged at the actual work for which he was employed, was thrown from and fell into Red River and was drowned."

The defendants filed an exception to the jurisdiction of the court rationae materiae, and also exceptions of no cause and no right of action.

The exception to the jurisdiction of the court rationae materiae was sustained and plaintiff's suit dismissed and plaintiff appealed.

## OPINION.

The contention of defendants is set forth in the brief filed by counsel as follows:

"The exception of want of jurisdiction, rationae materiae, filed by the defendants and maintained by the lower court, is based upon the fact that Pinckney Richards, the deceased, who was employed by the defendants to operate a pump on board this ferry boat engaged in transporting traffic across Red River, was employed to perform a maritime service upon navigable waters of the United States and that, consequently, the state court is without jurisdiction in an action for compensation growing out of his death."

In support of their contention they cite:

Southern Pacific Co. vs. Jensen, 244 U S. 205; 61 L. Ed. 1086.

Peters vs. Veasey, 251 U. S. 121; 64 L. Ed. 180.

Knickerbocker Ice Co. vs. Stewart, 255 U. S. 149; 64 L. Ed. 834.

Great Lakes Dredge & Dock Co. vs. Kierejewski, 261 U. S. 479; 67 L. Ed. 756.

State of Washington vs. Dawson, 264 U. S. 219; 68 L. Ed. 646.

Under Article III, section 2, of the Constitution of the United States, the courts of the United States were given exclusive jurisdiction of all cases of admiralty and maritime jurisdiction.

According to the petition, plaintiff's son was employed as a laborer on a ferry boat which was engaged in carrying traffic across Red River which is a navigable stream of the United States. While doing his work on the boat he was knocked off into the river and drowned. His work consisted in operating by hand a pump to keep water out of the bottom of the ferry boat. None of his work was done on land. He was employed to work on the ferry boat and while doing his work on the boat he lost his life.

It is conceded that Red River is a navigable stream of the United States.

If plaintiff's son was engaged in work of a maritime nature, his employment was a maritime contract and the rights and liabilities of the parties were within the admiralty jurisdiction of the United States, so that the Workmen's Compensation Law of Louisiana had no application.

Peters vs. Veasey, 251 U. S. 121.

A maritime contract is one which relates to navigation or transportation and commerce by sea or on navigable waters of the United States. Work on a vessel being used upon navigable waters as a means of transportation is a maritime service and a contract to do such work is a maritime contract.

According to the allegations of the petition, plaintiff's son was doing work on a ferry boat engaged in transporting traffic across Red River.

The ferry boat was engaged in commerce on navigable water of the United States.

The ferry boat was a vessel.

"The work 'vessel' includes every description of water craft or other artificial contrivance used or capable of being used as a means of transportation on water; and if the business or employment of a vessel appertain to travel or trade and commerce on the water, it is subject to the admiralty jurisdiction whatever may be its size, form, capacity or means of propulsion."

1 Corpus Juris 1263, under the head of "Admiralty".

"Ferry boats are within the admiralty jurisdiction no matter how small nor whether used entirely within a state, if used on navigable waters."

26 Cyc. 755.

"A steam ferry boat is a vessel within the jurisdiction of admiralty though she merely crosses and recrosses a river."

U. S. vs. Burlington Ferry Co., 21 Fed. 331.

Murray vs. Ferry Boat F. B. Nimick, 2 Fed. 86.

The St. Louis, ·48 Fed. 312.

In the very recent case of Sarah White Jones vs. Crescent City Ice Co., No. 27681, not reported, our Supreme Court, on rehearing, said.

"Here the facts which are fully set forth in the original opinion, show that the deceased was injured while actually engaged in loading the vessel with ice as a part of its necessary supplies. He was, therefore, employed in carrying out a maritime contract. His activities at the time of the accident were directly connected with the navigation, business and commerce of the sea. In these circumstances, the rights and liabilities of the parties must be determined by the admiralty courts."

Citing all the above noted authorities and also—

Lawson vs. New York & Porto Rico S. S. Co., 148 La. 290, 86 South. 815.

Under the above decisions and others which might be cited, the rule is that where an employee is working on board a vessel in navigable waters of the United States, his work is maritime service, and where he contracts to do such work it is a maritime contract; and where suit is brought to recover compensation his rights and liabilities must be determined under the maritime law, and Workmen's Compensation Acts have no application.

Counsel for plaintiff says the general rule does not apply in this case because the employers, Hankins Brothers, were engaged in repairing a bridge, which work is not maritime in its nature; and he argues that in order to bring the case under the rule it must be shown that both the employer and the employee were engaged in maritime service.

But according to the allegations of ·the petition the employers, Hankins Brothers, were operating the ferry boat for the transportation of traffic across Red River and employed deceased to work ·on the vessel. They were both, therefore, en-

gaged in work pertaining to navigation on navigable waters.

The judgment of the lower court sustaining the exception to the jurisdiction rationae materiae is correct and is therefore affirmed.