No. 3006

Second Circuit

---

STEARNS v. LOVE DRILLING
COMPANY, INC.

---

(Dec. 21, 1927. Opinion and Decree.)
(Feb. 3, 1928. Rehearing Refused.)

---

1. Louisiana Digest—Master and Servant Par. 154, 156; Admiralty—Par. 1, 2.
The state courts of Louisiana have no jurisdiction rationae materiae of Workmen's Compensation cases originating by an accident to an employee on a barge on a navigable body of water.

2. Louisiana Digest—Master and Servant —Par. 154, 156; Admiralty—Par. 1, 2.
The United States courts and Maritime Law have exclusive jurisdiction over all Workmen's Compensation cases originating by injury to an employee on a barge on a navigable body of water.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Lucinda Stearns against Love Drilling Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Matthew C. Redmond, of Monroe, attorney for plaintiff, appellant.

Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellee.

WEBB, J. In this action the plaintiff, Lucinda Stearns, seeks to recover compensation under the State Employers' Liability statute (Act No. 20 of 1914) for the death of her son.

She alleged that her son, while employed by defendant, which was operating a line of barges on the Ouachita river, was knocked from one of the barges by being struck with material which was being loaded thereon, and drowned; and defendant filed a plea to the jurisdiction of the court ratione materiae, which was sustained, and plaintiff appeals.

The Ouachita river is admittedly a navigable stream, and under the plaintiff's allegations the barges were operated in maritime service, and the employment of defendant was subject to the admiralty jurisdiction; (Volume 1, Corpus Juris, 1263,

1264, 1275; Meyer vs. Hankins Brothers, 5 La. App. 190); and the State Employers' Liability statute is not applicable where an accident occurs to such an employee while engaged in maritime service (Knickerbocker Ice Co. vs. Stewart, 253 U. S. 149; 64 L. Ed. 834; Jones vs. Crescent City Ice Co., 162 La. 151, 110 South. 182. See notes, A. L. R. vol. 11, page 1155; vol. 31, page 518).

The action being instituted under the state statute, we think that the plea to the jurisdiction ratione materiae was properly sustained, and the judgment is affirmed.