## HAYNES v. LUCKENBACH GULF S. S. CO., Inc.

### No. 16505.

Court of Appeal of Louisiana. Orleans.

Nov. 30, 1936.

E. S. Spiro, of New Orleans, for appellant.

Normann & McMahon and Harold M. Rouchell, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for workmen's compensation under Act No. 20 of 1914, as amended. It comes before us on appeal from a judgment maintaining a plea to the jurisdiction of the civil district court for the parish of

Orleans ratione materiæ and an exception of no cause of action.

Plaintiff alleges that he was employed by defendant corporation as a "longshoreman" and that, because of hazards resulting from a strike which was in progress, he and other employees were being transported by a tugboat operated by defendant corporation from one point at the port of New Orleans to the place at which they were to work at another point at the said port; that the tugboat carried them a short distance down the Mississippi river and then into the Industrial Canal, and that, as the said vessel entered the said canal, certain other "longshoremen," then on strike, threw bricks and stones at those on the boat, one of which bricks struck petitioner and inflicted serious injuries upon him.

The plea to the jurisdiction ratione materiæ and the exception of no cause of action, which were filed together, challenge the right of plaintiff, under the circumstances set forth, to recover in compensation in any court, or to present any claim, whether for compensation or in tort, in the state courts of Louisiana. The contention is that since the enactment by Congress in 1789 of the Judicial Code, which enactment was authorized by article 3, § 2, of the Constitution and extended the judicial power of the United States "to all Cases of admiralty and maritime Jurisdiction," the only remedy which may be afforded to a person injured under such circumstances as surrounded the injury of plaintiff is one which is cognizable in admiralty and that the only court which may grant such relief is a district court of the United States sitting in admiralty.

█ The plea to the jurisdiction is not well founded. The Judicial Code of the United States (Judiciary Act of 1789, 1 Stat. 76, 77), which, in section 9 (see 28 U.S.C.A. § 41(3), gives to the District Courts of the United States "exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction," saves to suitors, "in all cases, the right of a common law remedy, where the common law is competent to give it." This proviso has been interpreted as reserving to suitors their rights to proceed in the state courts provided the remedy sought is a common-law remedy, as distinguished from a statutory remedy, such as that provided by a compensation law. In the latest case touching on this subject, The Linseed King, 285 U.S. 502, 52 S.Ct. 450, 451, 76 L.Ed. 903, it was said that if the state statute providing a remedy for death by wrongful act was applicable, that remedy might be sought since it was a common law remedy similar to that afforded in admiralty.

But the exception of no cause of action we believe to be well founded. The injuries were received while the employee was on a vessel in navigable waters and while he was being transported to a point at which he was to commence work under a maritime contract.

In Dawson v. Jahncke Dry Docks, Inc., 18 La.App. 368, 131 So. 743, 745, following many decisions of the Supreme Court of the United States, we held that, where a tort occurs under circumstances which might have given rise to a cause of action in admiralty, no remedy afforded by a state compensation statute may be granted. The question, then, is whether the circumstances surrounding plaintiff's injury were such as would have permitted him to seek such recovery as may be afforded in admiralty. If he may, then he may not seek any other form of recovery, such as that provided by a state compensation statute.

█ In order that an employee have a cause cognizable in admiralty, he must show that his injuries were sustained on navigable waters and while he was engaged in performing work under a maritime contract. In the Dawson Case, supra, we said:

"No matter how doubtful the question may have once been, at the present time it seems to be no longer an open one, and we believe that, in view of the holding of the Supreme Court of the United States in the Rosengrant Case [273 U.S. 664, 47 S.Ct. 454, 71 L.Ed. 829], a tort is not cognizable in admiralty unless it occurs on navigable waters, and unless the injured employee was engaged in the performance of a maritime duty."

The petition unqualifiedly declares that the accident was sustained on navigable waters, so that that prerequisite to recovery in admiralty is shown to exist, and it remains only necessary to determine whether the contract of employment was maritime by nature.

It is alleged that plaintiff was a "longshoreman" and that his duties required him to do trucking "at a wharf, * * * from the wharf shed to the side of the Steamship 'Matthew Luckenbach.'" From this it plainly appears that his employment contemplated that he was to move merchandise

to a position alongside the steamship in order that it might be loaded upon the vessel.

But counsel for plaintiff direct our attention to another allegation to the effect that petitioner's work "required him always to be on land," and it is argued from this that the employment could not have been of a maritime nature since it was to be performed entirely on land.

■ But we must not confuse the nature of the work with the place of its performance. Locality in which it is to be performed does not determine whether a contract is maritime or nonmaritime by nature. That it is to be performed on navigable waters is not necessary in order that a contract be characterized as maritime, although there may be no recovery in admiralty for tort occurring during the execution of such a contract unless the tort occurs on navigable waters. A contract to transport goods to a wharf alongside a vessel is a maritime contract, though it is to be performed on land. Conversely, a contract may be nonmaritime in character, though for peculiar reasons it must be performed on navigable waters. In the Dawson Case, supra, we said:

"It is very evident, from a reading of the many decisions of the Supreme Court involving questions closely analagous to that presented here, that there may be work which an employee may perform on board a vessel lying in navigable waters which is not maritime by nature and which may not have relationship to navigation or commerce."

In Ex parte Rosengrant, 213 Ala. 202, 104 So. 409, 411, a decision approved by the Supreme Court of the United States (Rosengrant v. Havard, 273 U.S. 664, 47 S.Ct. 454, 71 L.Ed. 829), the Supreme Court of Alabama said:

"It is true the injury causing the death of the decedent was inflicted while he was standing or sitting on a schooner, moored in Mobile river, and while he was performing his duties under this contract; but the place of the injury is not the only test in determining whether the contract was maritime or nonmaritime in its nature. So we must hold, under the facts found by the trial court, the contract of employment was not a maritime contract, and the circuit court had jurisdiction of the cause of action, and the Workmen's Compensation Act is applicable."

In T. Smith & Son, Inc. v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 229, 72 L.Ed. 520, is found a case in which the Supreme Court of the United States held that a "longshoreman" whose work requires that he remain on land is, nevertheless, "engaged in maritime work under a maritime contract."

In Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 735, 58 L.Ed. 1208, 51 L.R.A.(N.S.) 1157, the Supreme Court recognized the fact that those who engage in the work of "stevedoring" constitute a class "as clearly identified with maritime affairs as are the mariners."

■ It follows that, although plaintiff alleges that his work required that he remain always on land, the other allegations of his petition show clearly that the work which he was to perform was of a maritime nature, since it was directly connected with the loading and unloading of vessels lying in navigable waters, and therefore since, in the instant case, the tort, if it was a tort, occurred while the plaintiff was on navigable waters, his right of recovery must be governed by the Judicial Code of the United States to which we have referred and is, therefore, limited to such recovery as is cognizable in admiralty, or as may be afforded by the common law. Constitution of U. S. art. 3, § 2; T. Smith & Son, Inc. v. Taylor, supra; Southern Pac. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas.1917E, 900; Jones v. Crescent City Ice Mfg. Co., 162 La. 151, 110 So. 182; Lawson v. New York & P. R. S. S. Co., 148 La. 290, 86 So. 815; Walker v. Lykes Bros.-Ripley S. S. Co. (La.App.) 166 So. 624; Dawson v. Jahncke Dry Docks, Inc., supra; White v. J. P. Florio & Co., 12 La.App. 508, 126 So. 452; Stearns v. Love Drilling Co., Inc., 7 La. App. 493; Meyers v. Hankins Bros., 5 La.App. 190; Legendre v. Barker, 5 La. App. 618; Genna v. Vogemann-Goudrian Co., No. 8772, Court of Appeal Parish of Orleans (1922, unreported) see Louisiana and Southern Digest; Poncet v. Thomas W. Hooley Metal Works, No. 9095, Court of Appeal Parish of Orleans (1923, unreported) see Louisiana and Southern Digest; Peters et al. v. Veasey, 251 U.S. 121, 40 S.Ct. 65, 64 L.Ed. 180.

■ That the injured plaintiff was not actually at work at the time of the accident is of no importance. He was being transported to work on a vessel furnished by his employer, and his rights, therefore,

were just the same as they would have been had he been actually at work. In numerous cases involving workmen's compensation this has been held.

For still another reason the exception of no cause of action must be sustained. In The Linseed King, supra, the Supreme Court of the United States held that where employees are being transported by their employer on navigable waters and on a vessel furnished by the employer, injuries sustained are cognizable only in admiralty, whether the employee's work be of a maritime nature or not. In that case there were three different groups of employees, or prospective employees, who were killed or injured. They were classified by the Supreme Court itself as follows: First: "Regular employees of Kellog & Sons in the Edgewater plant." (These men in class No. 1 had nothing whatever to do with navigation, or the loading or unloading of vessels). Second: "Men who had applied * * * for work in discharging the cargo of a ship expected on that day." Third: "Men seeking employment in answer to an advertisement for laborers." (These men did not know whether, if employed, they would be put to work in the factory at nonmaritime occupations, or on the docks in the loading or unloading of vessels.)

In the trial court and in the United States Circuit Court of Appeals for the Second Circuit, In re Spencer Kellogg & Sons, 52 F.(2d) 129, 133, a distinction was made between those employees whose work required them to assist in the loading and unloading of the vessels and the employees whose duties had nothing to do with maritime matters. The Circuit Court of Appeals held that the employees in this group should recover, if at all, under the state compensation statute, saying:

"The regular employees had no maritime duties; they merely chanced to be on the water when injured."

However, when the matter reached the Supreme Court of the United States, that court held that the rights of all employees in all three groups were cognizable in admiralty and in admiralty alone. The court said that "the rights and obligations of the parties depended on and arose out of the maritime law," and that the employer "sustained towards employees injured or killed the dual relationship of a carrier by water and a general employer at its Edgewater plant," and concluded that all of the employees were killed or injured under circumstances which would have given rise to causes of action in admiralty, and that, even as to those employees whose work at the plant had no maritime characteristics whatever, the State Compensation Act had no application. The facts of that case cannot be distinguished from the facts of the case at bar, except that in the case at bar is found the additional reason that the work which the employee was employed to do was maritime by nature. Therefore, applying the conclusion reached by the Supreme Court to the case at bar, we hold that, even had the nature of Haynes' work been not maritime, nevertheless, since it contemplated transportation by the employer on navigable waters, an injury sustained during the course of such transportation gave rise to a cause of action in admiralty and that, therefore, the State Compensation Law can have no application.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.