LOTTINGER, Judge.
This workmen’s compensation proceeding is before us on an appeal taken by the plaintiff from a judgment of the District Court which sustained the defendant’s exception to jurisdiction ratione materiae.
The pleadings and stipulation filed' in the record show that on November 25, 1955, the date of the alleged accident and injury, plaintiff was employed as a bargeman, being *44 one of a two-man crew of “Esso Barge No. 253”. The barge was situated on the Mississippi River and was propelled by a tug boat within a 65 mile radius of its home base at Chalmette, Louisiana, to fuel ocean going vessels plying in interstate and foreign commerce. The barge was registered or enrolled in Wilmington, Delaware.
The exception to jurisdiction is based upon the provisions of LSA-R.S. 23:1037, the pertinent part of which reads as follows :
“ * * * but nothing in this Chapter shall be construed to apply to any work done on, nor shall any compensation be payable to the master, officers or members of the crew of, any vessel used in interstate or foreign commerce not registered or enrolled in the State of Louisiana.”
It is well settled, as observed by the trial judge, that a barge, while having no means of self-propulsion but used upon navigable waters, is nonetheless a vessel. See Meyers v. Hankins Brothers, 5 La.App. 190, and 44 Words & Phrases, p. 150.
Counsel for plaintiff apparently concede that the barge in question is a “vessel” within the intendment of LSA-R.S. 23:1037 but argue that the record does not show that it was not registered in the State of Louisiana. The Federal statute on the subject is found in U.S.C.A., Title 46, Section 11 et seq., Section 17 of which provides :
“Every vessel * * * shall be registered by the Collector of that collection district which includes the port to which such vessel shall belong at the time of her registry; which port shall be deemed to be that at or nearest to which the owner * * * usually resides.”
There is no provision whatever for registry in more than one state and it having been shown that the barge was registered in Wilmington it would be most illogical to assume that it was ever registered in the State of Louisiana.
Counsel for plaintiff do not contend that the barge was not used in interstate and foreign commerce but argue that the Lower Court has jurisdiction under our holdings in-the cases of Beadle v. Massachusetts Bonding & Insurance Company, La.App., 87 So.2d 339 and Richard v. Lake Charles Stevedores, La.App., 95 So.2d 830. An examination of these cases, however, will reveal that no reference whatever was made to the provisions of LSA-R.S. 23:1037. We think, as did the trial judge, that its provisions are clear and unambiguous and that it specifically precludes a claimant, under the facts existing, from relief under the statute.
The judgment appealed from is correct and is, therefore, affirmed.
Judgment affirmed.
HERGET, J., recused.