O’NIELL, J.
This suit was brought by an employé against his employer, primarily for $15,000 damages, and in the alternative for $950.25 compensation, for personal injuries received by plaintiff while performing services arising out of and incidental to his employment.
The primary demand for damages is founded upon allegations of fault and negligence on the part of the employer, and upon plaintiff’s contention that section 34 of Act No. 20 of 1914, the Employers’ Liability Act, purporting to deprive an employé of a right of action against his employer for damages for personal injuries received while performing services arising out of and incidental to the employment, or making the rights and remedies granted by the statute in such case exclusive of all other rights or remedies, is unconstitutional.
Defendant filed a plea or exception of no cause or right of action for damages or- for compensation. The district court, declaring Act No. 20 of 1914 valid, maintained the exception of no right of action for damages, and rejected plaintiff’s primary demand.. The court overruled the exception to the suit for compensation, and, after hearing evidence on that claim alone, in the form of an admitted statement of facts, gave judgment in favor of plaintiff for the amount of compensation sued for. Plaintiff appealed from the judgment rejecting his demand for damages, and defendant appealed from the judgment allowing compensation under the statute.
The only question presented by plaintiff’s appeal from the judgment rejecting his demand for damages is whether Act No. 20 of 1914 is unconstitutional for any of the reasons urged. The arguments advanced are:
First. That the statute is an attempt to deprive every injured employé of an adequate remedy by due process of law, for personal injuries received, and therefore violates article 6 of the state Constitution.
Second. That the statute is an attempt to grant to certain corporations an exclusive privilege or immunity, and therefore violates the fourteenth paragraph of article 48 of the state Constitution.
Third. That the statute violates article 51 of the state Constitution, declaring that no law shall be passed fixing the price of manual labor.
Fourth. That the statute violates the Seventh Article of Amendment of the Constitution of the United States, declaring that, in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved.
Opinion.
[1] 1. We have heretofore considered, and have reconsidered .the question several times, whether section 34 of Act No. 20 of 1914 is violative of article 6 of the state Constitu *823 tion; and we adhere to our ruling that the law is not invalid in that respect. See Whittington v. Louisiana Sawmill Co., 142 La. 322, 76 South. 754, Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 South. 596, and Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549.
[2] 2. Article 48 of the Constitution, in terms, applies only to local or special laws. Act No. 20 of 1914 is not a local or special law.. It does not purport to grant any special or exclusive right or privilege or immunity to any corporation, association, or individual, or to any class of corporations, associations, or individuals.
[3] 3. Regarding article 51 of the Constitution, it is sufficient to say that Act No. 20 of 1914 does not undertake to fix the price of manual labor.
[4] 4. As to the seventh article of amendment of the federal Constitution, guaranteeing the right of trial by jury in all suits at common law where the value in controversy exceeds $20, it is sufficient to say that that constitutional guaranty applies only to actions in the federal courts, not to proceedings in state courts.
Finding no merit in any of plaintiff's attacks upon the constitutionality of the section of the Employers’ Liability-Act that makes the rights and remedies therein granted to an employs, for personal injuries, exclusive of all other rights and remedies, our conclusion is that the judgment denying plaintiff a right of action for damages is correct.
[5] The alternative demand for compensation is for an amount less than $2,000, and is therefore not within the jurisdiction of this court. Const, art. 85. Defendant’s appeal from the judgment rendered on that demand must be transferred to the Court of Appeal.
The judgment rejecting plaintiff’s demand for damages is affirmed; and it is ordered that defendant’s appeal, from the judgment allowing plaintiff compensation under the Employers’ Liability Act be transferred to the_ Court of Appeal, Second Circuit. The costs of the appeal to this court are to be borne equally by plaintiff and defendant; all other costs are to depend upon the judgment of the Court of Appeal.
MONROE, C. J., dissents.