PROVOSTY, J.
Plaintiff sues in damages for injuries received while in the employ of the defendant corhpany, and in the alternative sues under the Workmen’s Compensation Act.
Defendant recognized its liability to plaintiff under said act, and had been paying plaintiff $10 a week for 25 weeks when this suit was filed.
Defendant pleads that plaintiff, having thus agreed to receive payment under said act, and actually received many payments, is estopped from contending that defendant’s liability is not under said act, but for damages as for ordinary tort.
In Summers v. Woodward, Wight & Co., 142 La. 241, 76 South. 674, this court said:
“Where an employer pays the wages of an injured employé in full for a number of weeks, and subsequently in part, and, holding a policy of 'insurance, taken out with express reference to the Burke-Roberts Employers’ Liability Act (Act No. 20 of 1914), obtains receipts showing such payments as for wages to which the employé was entitled under the Louisiana Workmen’s Compensation Act, upon which it obtains reimbursement from the insurance company, the question whether the injury of the employé entitles him to compensation under the act will be regarded as eliminated.”
We think the estoppel well pleaded. Counsel for plaintiff seek to avoid it by contending that plaintiff was assured by defendant that he would be waiving none of his rights by receiving these payments. If any such assurance was given, it was after plaintiff had already been receiving the payments, and the meaning of it was simply that by receiving the payments the plaintiff would not be waiving his right to claim compensation as for total liability. There was no question between the parties at that time of plaintiff having, or pretending to, any other rights.
Defendant does not contest that plaintiff is entitled to compensation as for total disability; that is, to $10 a week for 400 weeks.
The judgnient appealed from, which was for $15,000 damages, is therefore set aside, the plea of estoppel is sustained, and it is now ordered, adjudged, and decreed that the plaintiff, John A. S. Gray, have judgment condemning the defendant, New Orleans Dry Dock & Ship Building Company, to pay him $10 each week for 400 consecutive weeks, less the payments already made, and that the defendant pay the costs of the lower court and the plaintiff those of the appeal.
MONROE, C. J., takes no part, not having heard the argument.
O’NIELL, J., dissents.