No. 8831.
Orleans Appeal.

ROBERT L. MESSEL, Appellant, v. FOUNDATION COMPANY.

(February 2, 1925, Opinion and Decree.)
(March 2, 1925, Rehearing Refused.)
(May 26, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Master and Servant—Par. 154.
It has been repeatedly held by the Supreme Court of this State that Act 20 of 1914, known as the Employer's Liability Act, is constitutional.

2.—Louisiana Digest—Master and Servant—Par. 156, 160 (f).
A State Court is without jurisdiction in an action brought under the Workmen's Compensation Act 20 of 1914, when plaintiff sustained injuries while aboard ship under a maritime contract.

3. Louisiana Digest—Master and Servant—Par. 156, 160 (f).
Neither has it jurisdiction in an action brought under Articles Civil Code 2315-2320 under like conditions.

4. Louisiana Digest—Laws—Par. 70, 72.
The clause in the Judiciary Act saving to suitors "in all cases the right of a common law remedy, where the common law is competent to give it", refers to remedies for enforcement of the Federal maritime law, and does not create substantive rights or assent to their creation by the States.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit by an employee against his employer under the Articles of the Civil Code 2315-2320 and in the alternative under Act 20 of 1914, the Employer's Liability Act. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

J. F. Pierson, C. I. Denechaud, Claude L. Johnson, attorneys for plaintiff and appellant.

P. M. Milner, Philip S. Gidiere, attorneys for defendant and appellee.

CLAIBORNE, J. This is a suit by an employee against his employer under the Articles · of· the Civil Code 2315-2320 and in the alternative under Act 20 of 1914, the Employer's Liability Act.

While employed aboard the steamship "La Grange" on July 9, 1920, ·the plaintiff was injured. He sued the defendant under Articles Civil Code 2315 and 2320 and pleaded the unconstitutionality of Act 20 of 1914, upon the ground "that in so far as said Act, or the Acts amendatory thereof, do or attempt to adjudge or fix the amount of the damages or reparation due or recoverable by petition for the casualties or damages inflicted as aforesaid on him, or to control the amount petitioner may or shall recover, the said Act and the said Acts amendatory thereof are usurpations of the judicial powers and functions conferred upon the courts of this State, as provided by Article 6 of the Constitution of 1913, which provides that every person for injury done him in his person shall have adequate remedy by due process of law and justice administered without denial, and said Acts are also in violation of the prohibition of Article 17 of said Constitution, and in violation of Section 1 of the Fourteenth Amendment of the Constitution of the United States, which provides that no State shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws.

The plaintiff further alleged "that when injured as aforesaid he was engaged in maritime work in admiralty in the said steamship 'La Grange' on the navigable waters of the United States; that his legal rights to adequate relief for said injuries are the same in this· cause against the owners as they are in admiralty against the vessel and that Act 20 of 1914 has no application to them."

Plaintiff prayed for citation against the defendant corporation and for $10,000 damages, and that Act 20 of 1914 and all the Acts amendatory thereto be declared unconstitutional.

The defendant excepted that the petition disclosed no cause of action for that plaintiff's action, if any, was under Act 20 of 1914 and its amendments; and in other respects pleaded a general denial, contributory negligence, and negligence of fellow servant.

In a supplemental petition plaintiff, in the alternative, prayed for judgment for the compensation fixed by Act 20 of 1914 and the Acts amending the same.

The defendant excepted to the supplemental petition on the grounds, 1st, that it changed the issue, and, 2nd, that it was prescribed by one year.

All the exceptions filed by the defendant were maintained and plaintiff's suit was dismissed. He has appealed.

1. The objections to the constitutionality of Act 20 of 1914 propounded by the plaintiff have been so often examined and overruled that a further discussion of them would be supererogatory. Whyte vs. Grant, 142 La. 822, 77 South. 643; Philps vs. Guy Drilling Co., 143 La. 951, 79 South. 549; Boyer vs. Crescent Paper Box Factory, 143 La. 368, 78 South. 596, and the numerous authorities there quoted. Day vs. Louisiana Central Lumber Co., 144 La. 820, 81 South. 328; Colorado vs. Johnson Iron Works, 146 La. 68, 83 South. 381.

2. If the plaintiff's right of action is under the Employer's Liability Act, then the State Courts have no jurisdiction of such demands *ratione materiae*.

This court has twice decided that a State Court is without jurisdiction in an action brought under the Workmen's Compensation Act 20 of 1914 where plaintiff sustained injuries while aboard ship under a maritime contract. Genna vs. Vogeman, No. 8772, Bk. 61, Nov. 13, 1922, affirmed in Watson vs. Smith, 9060, June 11, 1923, and

in Poncet vs. Hooley, No. 9095, May 28, 1923, Bk. 63.

These decisions were in accord with the opinion of our Supreme Court. Lawson vs. N. Y. S. S. Co., 148 La. 290, 86 South. 815.

And in accord with decisions of the Supreme Court of the United States. Southern Pacific vs. Jensen, 244 U. S. 206, affirmed in Knickerbocker vs. Stewart, 153 U. S. 149, and State vs. Dawson, 264 U. S. 219.

In Peters vs. Veasey, 251 U. S. 121, reversing our Supreme Court, in Veasey vs. Peters, 142 La. 1012, 77 South. 948, while engaged as a longshoreman unloading the steamer Seria, fell through the hatchway. The court said:

The work in which Veasey was engaged is maritime in its nature; his employment was a maritime contract; the injuries which he received were likewise maritime; and the rights and liabilities of the parties in connection therewith were matters clearly within the admiralty jurisdiction. In such circumstances, the Workmen's Compensation Law of the State had no application when the accident occurred. 234 U. S. 52, 61, So. Pac. vs. Jansen, 244 U. S. 205, affirmed in Knickerbocker vs. Stewart, 253 U. S. 149 (163), and in State vs. Dawson, 264 U. S. 219.

3. In relation to the saving clause to the Judiciary Act, the court said in Knickerbocker vs. Stewart, 253 U. S. 149:

"That clause of the provision granting exclusive admiralty and maritime jurisdiction to the Federal Courts (Judiciary Act 1789, S. 9; Jud. Code, S. S. 24-256), which saves to suitors" in all cases, the right of a common law remedy, where the common law is competent to give it, "refers to remedies for enforcement of the Federal maritime law, and does not create substantive rights or assent to their creation by the States". Pp. 159-161. See also So. Pac. vs. Jensen, 244 U. S. 206; Robin Dry Dock vs. Dahl,

U. S. Sup. Ct. advance opinions Nos. 6-7, February 2, 1925, p. 192.

The case of Grey vs. Drydock, 146 La. 826, 84 South. 109, seems contrary to the above decisions and to be overruled by Lawson vs. New York and P. R. S. S. Co., 148 La. 290, 86 South. 815.

The object of the Judiciary Act was to secure a uniformity in the law, that there should not be one remedy for those proceeding under the maritime law and another for those appealing to common or civil law.

We are bound to take judicial cognizance of our want of jurisdiction *ratione materiae.* 1 H. D. p. 332, No. 4.

We therefore come to the conclusion that an employee who suffers injury upon a vessel under a maritime contract cannot seek compensation in a State court.

It is therefore ordered that the judgment appealed from be affirmed at plaintiff's cost.