## MESSEL *v.* FOUNDATION COMPANY.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF
LOUISIANA.

No. 202.   Argued March 9, 1927.—Decided May 31, 1927.

1. Art. 2315, Rev. Code of Louisiana, providing: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it," applies to personal injuries suffered by a workman while engaged in repairing a vessel afloat on waters of the United States and due to the negligence of his employer. P. 432.

2. Such cause of action, under Art. 2315, is not barred by the Louisiana Workmen's Compensation Act which provides special means and measures for adjusting claims for personal injuries in certain occupations, including repair of vessels, and declares its remedies exclusive, but does not by its terms include maritime injuries or torts under federal law. P. 432.

3. Art. 2315, Louisiana Rev. Code, *supra,* furnishes the equivalent of a " common law remedy," saved to suitors in the state court by § 9, Judiciary Act of 1789, § 256 Jud. Code. P. 433.

4. The right of action under this section, in the state court, in a case of maritime tort, is governed by the federal admiralty law, including the applicable section of the Federal Employers' Liability Act incorporated in that law by the Merchant Marine Act, of June 5, 1920, § 33, c. 250, 41 Stat. 1007. P. 434.

5. In an action under Art. 2315, *supra*, for personal injuries in performance of a marine contract, an amendment to the complaint claiming in the alternative under the Workmen's Compensation Act, is surplusage, and does not subject the plaintiff to the prescription of one year provided by the latter statute. P. 433.

6. A denial by a state court of its jurisdiction, is reviewable here, when based on an erroneous view of the federal law. P. 432.

Reversed.

CERTIORARI (269 U. S. 544) to a judgment of the Supreme Court of Louisiana which refused to review a judgment of the state Court of Appeals affirming the dismissal of an action for damages resulting from personal injuries. The action of the state Supreme Court was based on the ground that the judgment of the intermediate court was correct.

*Mr. Claude L. Johnson,* with whom *Messrs. Charles L. Denechaud* and *James F. Pierson* were on the brief, for petitioner.

*Mr. Purnell M. Milner* for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

On December 20, 1920, Robert L. Messel filed a suit in the Civil District Court for the Parish of Orleans, State of Louisiana, to recover $10,000, as for damages for personal injuries, from the Foundation Company, a corporation of the State of New York doing business in Louisiana as a ship builder and repairer of sea-going steamships. The facts as averred in his petition were as follows: He was employed by the Foundation Company in

September, 1919, as a helper to a boilermaker. He was sent with the boilermaker on board the steamship *La-Grange*, then afloat on the Mississippi River at New Orleans. The task to be performed was to add eight feet to the smokestack of the steamer. The two men were furnished ladders to ascend to the top of the stack and, while engaged in the work, Messel was brought directly over the mouth of the steam escape pipe running from the engine room. While he was so engaged, scalding steam was allowed to escape from the pipe. It overcame him, and inflicted serious injuries.

The 14th paragraph of his petition is:

" Petitioner represents that he is entitled to claim and recover under Civil Code Article 2315 of this State all the damages sustained by him arising from the casualties aforesaid and to have the amount of the reparations fixed and determined before the Court after due trial and hearing had, and as provided by Article 6 of the Constitution of 1913 of this State; and not by the amount of sums provided for " and not by Act No. 20, of 1914, and its amendments.

In his petition he attacks the Louisiana Workman's Compensation Act known as Act No. 20 of 1914, as invalid under the state constitution. He says that when injured he was engaged in marine work in admiralty on the steamship on the navigable waters of the United States, and that this entitled him to an action *in personam* against the owner and master of the vessel, but that, as the owner and master had departed from the port for a foreign port before he was able to bring his action in admiralty, and as the Foundation Company holds indemnity against any loss to it on account of the damage claimed, he prays for judgment against his employer.

The Foundation Company excepted to the petition on the ground that it disclosed no legal cause of action; but in the event that the exception should be overruled, the

company admitted the averments of the petition, save that it charged that the petitioner was guilty of gross negligence, and assumed the risk, and that the injuries received were due to his own fault or were caused by the negligence of a fellow servant. It denied the extent of the damage; said that the petitioner was precluded from bringing his action under Art. 2315 of the Civil Code, but must bring it under the State Workman's Compensation act.

Messel amended his petition, reaffirming the averments of his original petition, but in the alternative asked, if it should be held that the Workman's Compensation Act of Louisiana was not unconstitutional and did apply, that he have compensation under that act in $4,000, or in $10 a week for four hundred weeks provided in the act. This amendment was filed May 22, 1922, by order of court. An exception by respondent was taken on the ground that the amended petition had changed the issue and was an attempt, after the lapse of more than one year from the date of the injuries, to bring the suit under the Workman's Compensation Act, while the original action was brought under Civil Code 2315 for damages for a tort, that the claim was therefore prescribed under Art. 31 of Act No. 20 of 1914. By a judgment of July 19, 1922, the exceptions filed by the Foundation Company were sustained and the suit against it was dismissed.

The Court of Appeals of the Parish of Orleans, to which the case was then taken on appeal, held that the objections to the constitutionality of the Workman's Compensation Act could not be sustained. It further decided that, if the petitioner's right of action was not under the Workman's Compensation Act, the state courts had no jurisdiction of such demands *ratione materiae;* that it had twice decided that the state court was without jurisdiction in an action brought under the Workman's Compensation Act where the plaintiffs sustained injuries while aboard a ship under a maritime contract; that these decisions were in accord with the opinion of the Supreme

Court of Louisiana in *Lawson* v. *New York Steamship Company*, 148 La. 290, and with the decisions of this Court in *Southern Pacific* v. *Jensen*, 244 U. S. 205, affirmed in *Knickerbocker* v. *Stewart*, 253 U. S. 149, and *State* v. *Dawson*, 264 U. S. 219, and in *Peters* v. *Veasey*, 251 U. S. 121; and that an employee like Messel, who suffered injury upon a vessel under a maritime contract of employment, could not obtain compensation in a state court of Louisiana.

Application was then made to the Supreme Court of Louisiana for a writ of certiorari to review the decree of dismissal by the Court of Appeals. The writ was refused by the Supreme Court on the ground that the judgment was correct, May 25, 1925.

Art. 2315 of the Revised Code of Louisiana under which Messel sought recovery is as follows: " Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

The Workman's Compensation Act, No. 20 of the Acts of 1914, as amended in subsequent acts, provides for the prosecution of claims for personal injuries in certain hazardous trades, businesses, and occupations, includes the operation, construction, repair, removal, maintenance, and demolition of vessels, boats and other water craft, and provides certain payments for such injuries. Section 34 of the act provides that the rights and remedies therein granted to an employee on account of personal injury, for which he is entitled to compensation under the act, shall be exclusive of all other rights and remedies of such employee, his personal representative, dependents, relations or otherwise, on account of such injury.

The argument of the Court of Appeals in reaching its conclusion in this case was that, because it had been held in *Peters* v. *Veasey, Southern Pacific Company* v. *Jensen, Knickerbocker Ice Company* v. *Stewart*, and in *State* v. *Dawson*, that a Workman's Compensation Act could have no application to an injury to one working as an employee on a vessel afloat on the waters of the United States,

where his work was upon a maritime contract and the rights and liabilities of the parties were matters clearly within the admiralty jurisdiction, a state court had no power to consider and decide a claim that must rest on the maritime law, because the Workman's Compensation Act was made exclusive by its terms and prevented the operation and application of § 2315 granting what was equivalent to a common law remedy in the enforcement of such a maritime claim. At first this decision would seem to be conclusive upon us, because it would seem to be a construction by the Louisiana state court of the jurisdiction conferred by its own statute upon its own courts. But this is a misconception of what the court actually decided in respect of the statute. The Workman's Compensation Act did not by its terms include a maritime injury or tort under the federal law such as is the basis of this suit. The state court's ruling, as we conceive it, was not that § 2315 was not broad enough to include a suit for a maritime tort as between master and servant if the federal law permitted it, but that the federal law does not permit it and, therefore, such a suit can only be maintained in a federal admiralty court. That is an erroneous view of the rulings of our Court as to the application of workmen's compensation acts. Section 2315 offers a remedy in the state court for any act whatever of man that causes damage to another and obliges him by whose fault it happened to repair it. That includes everything except what the Workman's Compensation Act bars from recovery under this general section. The Workman's Compensation Act does not bar from recovery suit for damages against another for a maritime tort. Clearly therefore suit for such a tort is not excluded from the jurisdiction of the state court under § 2315 unless the federal law forbids. To hold that the federal law forbids would be to deprive the petitioner in this case of the right secured to him under the Judiciary Act of 1789, § 9, as now contained

in paragraph third of § 256 of the Judicial Code, which gives exclusive jurisdiction in courts of the United States of all civil causes of admiralty and maritime jurisdiction, " saving to suitors in all cases the right of a common law remedy where the common law is competent to give it."

·Section 2315 has been held by the Supreme Court of Louisiana to furnish the equivalent of the common law. In *Gray* v. *New Orleans Dry Dock and Shipping Company*, 146 La. 826, a case very much like this, a workman was injured while engaged in maritime employment. His action invoked Art. 2315 of the Civil Code. The respondent in the case pleaded that the petitioner's right of action, if any, was governed by the Workman's Compensation Act No. 20 of 1914, and not by the provisions of Art. 2315 of the Revised Civil Code of Louisiana, as pleaded by the plaintiffs. The Supreme Court of Louisiana. said:

" The work in which plaintiff was engaged at the time he was injured was maritime in its nature; his employment was a maritime contract, and his claim for damages was enforceable in the admiralty and maritime jurisdiction. For that reason, before the passage of the act of Congress of October 6, 1917, the Employers' Liability Act was not pertinent, and did not deprive the plaintiff of the right of a common-law remedy. We say ' common-law remedy ' because article 2315 of the Civil Code of this state is only an embodiment of the common-law right of action for tort, viz: ' Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.' "

The fact that Messel in the alternative asked for a recovery under the Workman's Compensation Act could not defeat him in his continuous request to proceed under Art. 2315; and, as the original action invoked Art. 2315, and he is still invoking the remedy provided by that Article, there would seem to be no opportunity for the

operation of the prescription of one year provided by the Louisiana Workman's Compensation Act. Messel's attack upon the Workman's Compensation Act as unconstitutional under the constitution of Louisiana was entirely irrelevant and should be rejected as surplusage.

As Messel has resorted to the state court, and there is nothing to prevent his recovery in the state court except the Workman's Compensation Act, which is inapplicable to his case in view of our decisions, the judgment of the Supreme Court of Louisiana must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

The principles applicable to Messel's recovery, should he have one, must be limited to those which the admiralty law of the United States prescribes, including the applicable section of the Federal Employers Liability Act, incorporated in the maritime law by § 33, c. 250, 41 Stat. 988, 1007. *Robins Dry Dock & Repair Company* v. *Dahl,* 266 U. S. 449; *Great Lakes Dredge & Dock Co.* v. *Kierejewski,* 261 U. S. 479, 480; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *The Osceola,* 189 U. S. 158; *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375; *Baltimore S. S. Co.* v. *Phillips, ante,* p. 316; *Engel* v. *Davenport,* 271 U. S. 33; *Panama R. R. Co.* v. *Vasquez,* 271 U. S. 557.

*Judgment reversed.*