Plaintiff appeals from a judgment maintaining an exception to the jurisdiction of the State Court ratione materiae. The petition alleges that plaintiff is the widow of James Sidney; that the said Sidney was a "longshoreman or stevedore" in the employ of Lykes Bros. Steamship Company, *Page 551 
Incorporated; that the said employer was engaged in an occupation which was hazardous within the contemplation of the Louisiana Workmen's Compensation Statute (Act 20 of 1914, as amended); that while the said employee was engaged in the performance of his duties in assisting in the loading of a vessel of the said Steamship Company he sustained accidental injury from which his death resulted, and that therefore petitioner is entitled to compensation for three hundred weeks at the rate of $13.585 per week, with interest, costs, etc. Both Lykes Bros. Steamship Company and its compensation insurance carrier, Hartford Accident Indemnity Company, are made defendants.
Shortly after the filing of the original petition, plaintiff filed a supplemental petition in which she alleged that she had learned that another woman claimed to have been the lawful wife of Sidney, and in this supplemental petition plaintiff alleged that if it should appear that at the time of her marriage to Sidney he was the lawful husband of some other woman, nevertheless she, plaintiff, should be entitled to compensation for the reason that "she was in perfect good faith and was in ignorance of any such fact at the time of her marriage to the said James Sidney, and subsequently thereto until some time after the death of the said James Sidney." The question presented by this supplemental petition is not before us at this time.
Defendants challenge the jurisdiction of the State Court, "upon the ground and for the reason that the accident described in plaintiff's petition, which resulted in the death of plaintiff's alleged husband occurred upon navigable waters of the United States while the said deceased was performing maritime service * * *". This exception was maintained and plaintiff's suit was dismissed.
The theory of counsel for exceptors, and which theory was accepted by the District Court, is that where an employee is injured or killed while engaged in the performance of maritime work on navigable water recovery may be sought only in the Courts of the United States; that no suit, based on such injury or death, may be brought in the State Courts. This theory results from what we think is a misunderstanding of the principle on which the Supreme Court of the United States decided Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas.1917E, 900, and which principle was adhered to in many subsequent cases, notably Veasey v. Peters,142 La. 1012, 77 So. 948; Peters v. Veasey, 251 U.S. 121, 40 S.Ct. 65, 64 L.Ed. 180, a case arising in Louisiana.
In the Jensen case and in the several other cases to which we have alluded, it was held that where an employee is injured or killed on navigable water and while performing maritime service, the only remedy which may be sought is such as may be afforded in "admiralty" or as may not be repugnant to the general maritime laws of the United States. It was not held, however, that such suit as might be necessary must be brought in the Courts of the United States. This conclusion of the Supreme Court was based on its interpretation of Section 9 of the Judiciary Act of the United States of 1789, which is now contained in the third paragraph of Section 256 of the United States Judicial Code, 28 U.S.C.A. § 371, which, it is true, vests in the Courts of the United States exclusive jurisdiction in matters "of admiralty and maritime jurisdiction", but which — and it is this which is often overlooked — saves "to suitors in all cases the right of a common-law remedy where the common law is competent to give it." The principle established, therefore, is that although a suit in admiralty may be brought only in the Federal Court, nevertheless, even if the facts would have justified a suit in admiralty, the "suitor" may resort to the State Courts and may seek a common law remedy if the common law affords such a remedy as would have been available in admiralty, and is not such a remedy repugnant to admiralty as is furnished by special legislation, such as a compensation statute.
This entire question was considered by us in Watkins v. Jahncke Dry Docks, Inc., 12 La.App. 350, 125 So. 469, in which we quoted from various decisions of the Supreme Court of Louisiana and of the Supreme Court of the United States, notably Messel v. Foundation Co., 274 U.S. 427, 47 S.Ct. 695, 71 L.Ed. 1135; Panama R.R. Co. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085; and Gray v. New Orleans Dry Dock Shipbuilding Co., 146 La. 826, 84 So. 109. As a result of these cases it is now clearly *Page 552 
established that the mere fact that the employee, when injured or killed, was working on navigable water and was engaged in maritime labor does not necessarily deprive the State Courts of jurisdiction of such suit as may be brought for recovery, but that, on the contrary, if a common law remedy, not repugnant to that which might be available in admiralty, is sought, the State Courts may be resorted to in an effort to obtain that remedy. And in Gray v. New Orleans Dry Dock Shipbuilding Co., supra [146 La. 826, 84 So. 112], our Supreme Court held that the remedy afforded by Article 2315 of our Civil Code is such a common law remedy as is contemplated by the United States Judicial Code. There the following was said:
"The plea to the jurisdiction of the State Court, ratione materiæ, is without merit, and the answer to the suit was, in effect, an abandonment of the plea, because if, as defendant contends, the location of the dredge boat Dixie was not within the admiralty jurisdiction at the time of the accident, plaintiff's only remedy was to proceed in the state court, and in such case his right and remedy would be controlled by the state statute, the Employers' Liability Act. On the other hand, if the Dixie was, notwithstanding she was in a dry dock, within the admiralty jurisdiction at the time of the accident, plaintiff is entitled to the common-law remedy in the state court."
To the same effect, see Messel v. Foundation Co., supra, in which the Supreme Court of the United States said:
"Art. 2315, Louisiana Rev. Code, supra, furnishes the equivalent of a `common law remedy,' saved to suitors in the state court by § 9, Judiciary Act of 1789, § 256 Jud. Code [28 U.S.C.A. § 371]."
And in Panama R.R. Co. v. Vasquez, supra, the Supreme Court of the United States said:
"The sole question presented is whether state courts may entertain such actions, the defendant's contention being that they are cognizable only in the federal District Courts. * * *
"This clause is a continuation of a like clause in the Judiciary Act of 1789 * * * and always has been construed as permitting substantive rights under the maritime law to recover money for service rendered, or as damages for tortious injuries, to be asserted and enforced in actions in personam according to the course of the common law. * * * And it uniformly has been regarded as permitting such actions to be brought in either the federal courts or the state courts, as the possessor of the right may elect."
It is thus quite evident that the question with which defendants are confronted is, not whether the State Courts have jurisdiction of such cause of action as plaintiff may have, but whether, as a matter of fact, she has a cause of action at all under the State Workmen's Compensation Statute, and this question is not presented by an exception to the jurisdiction. If she has a cause of action under the State Workmen's Compensation Statute, obviously the State Courts are vested with jurisdiction, and if her cause of action is not under the compensation statutes because of the fact that Sidney was engaged in performing maritime work and performing this work on navigable water, then there may still be a cause of action which may be asserted in the State Courts if proper allegations are made.
All that it is necessary that we now decide is that the District Court was in error in maintaining the exception to the jurisdiction.
It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, annulled, avoided and reversed, that the exception to the jurisdiction be, and it is, overruled, and that the matter be remanded to the Civil District Court for further proceedings not inconsistent with the views herein expressed and according to law.
Reversed and remanded. *Page 553