This suit was filed in the Civil District Court by the surviving brother and sister of one Rodney Rhinehart, who was drowned on August 20th 1940 when he fell into the Mississippi River from a barge owned by his employer, T. Smith Son, Inc., which he was compelled to traverse in leaving the S.S. Ada O, where he had been engaged in work as a longshoreman. The action is against Rhinehart's employer to recover damages for his death under Article 2315 of the Civil Code as amended (the Louisiana death by wrongful act statute) or, in the alternative, for compensation under the Louisiana Employers' Liability Act, Act No. 20 of 1914 as amended, or, as a further alternative, for damages under Section 33 of the Merchant Marine Act of 1920, commonly called the "Jones Act" 46 U.S.C.A. § 688, which granted to seamen, at their election, the benefit of the provisions of the Federal Employers' Liability Act 45 U.S.C.A. § 51 et seq.
To plaintiffs' petition, the defendant employer interposed a number of exceptions. Among these exceptions was a plea to the jurisdiction of the district court, ratione materiae, which was predicated on the ground that, since Rhinehart met his death while employed as a longshoreman upon the navigable waters of the United States, the sole remedy of the plaintiffs was for the compensation payable under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950, and that the state court was, therefore, without jurisdiction to entertain the suit. In support of this exception, evidence was introduced by the defendant to show the nature of the deceased's employment and that he met his death on navigable waters of the United States while in the course and scope of his duties as a longshoreman. This evidence, which is not in dispute, reveals the following facts: On the date of the fatal accident, the decedent was engaged by the defendant as a longshoreman to unload the S.S. Ada O which was moored in the Mississippi River at Stuyvesant docks in the city of New Orleans. He came on duty at 5 p.m. and, in order to reach the Ada O where his work was to be done, he was required to traverse a barge called the "Mammoth" which was adjacent to the dock, then cross the S.S. Saccarapa which was adjacent to the Mammoth, then across two barges, the James and the Williams, which were tied end to end and in contact with the Saccarapa, and then from the Williams to the S.S. Ada O. After reaching the S.S. Ada O, the deceased worked one hour (from 5 p.m. until 6 p.m.), laid off an hour (from 6 p.m. until 7 p.m.), resumed work at 7 p.m. and worked until 8 p.m., when his work for that day ended. At about ten minutes after eight o'clock, while the deceased was leaving the place of his employment and returning to the dock, he fell into the river between the barges James and Williams.
After hearing the foregoing evidence, the district judge concluded that, since Rhinehart had met his death on navigable waters of the United States while engaged in his employment as a longshoreman, the action for his death was cognizable only under the provisions of the Longshoremen's and Harbor Workers' Act. He accordingly sustained the defendant's plea of jurisdiction and dismissed the plaintiffs' suit, being of the opinion that the Civil District Court was without jurisdiction to grant relief to the plaintiffs either under article 2315 of the Civil Code or the State compensation act or the Jones act. Plaintiffs have appealed.
It is clear, from the admitted facts of the case, that the plaintiffs are without a cause of action under the State Workmen's Compensation law because the accident occurred upon navigable waters of the United States. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L. Ed. 1086, L.R.A.1918C, 451, Ann.Cas.1917E, 900. It is likewise certain that the plaintiffs are without a right of action under the Jones act because Rhinehart was neither the master nor a member of the crew of a vessel although, as a longshoreman, he was regarded as a seaman. See Nogueira v. New York, N.H. H.R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754. Hence, unless it be that the death of the decedent did not result from an accident arising out of and in the course of his employment, it is manifest that the state court is without jurisdiction to entertain the plaintiffs' claim under Article 2315 of the Civil Code because the Longshoremen's and Harbor Workers' Act provides an exclusive remedy *Page 290 
to all maritime employees, their legal representatives, parents, dependents and next of kin, for compensation resulting from injury or death to the employee occurring upon navigable waters of the United States. See sections 902, 903, 904 and 905, 33 U.S.C.A. Section 5 of the act 33 U.S.C.A. § 905, provides:
"The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability ofsuch employer to the employee, his legal representative, husbandor wife, parents, dependents, next of kin, and anyone otherwiseentitled to recover damages from such employer at law or inadmiralty on account of such injury or death, * * *" (Italics ours.)
There can be no doubt whatever as to the plain import of the above quoted language. Simply stated, the effect of the provision is that all remedies formerly possessed by an employee (covered by the statute) to proceed, ex delicto, under the state law or in admiralty on a cause of action based upon the negligence of the employer, have been superseded and the remedies granted by the Act substituted therefor. This was settled by the Supreme Court of the United States in Nogueira v. New York, N.H. N.R. Co., supra, and South Chicago Coal Dock Co. v. Bassett,309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.
However, counsel for plaintiff contend that the Longshoremen's and Harbor Workers' Act has not deprived plaintiffs of the right given them by Article 2315 of the Louisiana Civil Code for a number of reasons. Their first point is that the Act does not operate as a bar to plaintiff's prosecution of the right granted by our Civil Code because the death of Rhinehart did not arise out of and in the course of his employment, since he had admittedly completed his work and was returning to the dock when the fatal accident occurred.
The contention is not well founded. It is firmly established in the jurisprudence of the courts of this State and of the United States that an employee is, for the purpose of recovery under state or federal compensation acts, regarded to be within the course and scope of his employment when he is injured or killed while going to or leaving the premises of his master as a consequence of a hazard which he is required to encounter by reason of his employment, to which the public generally is not subjected. See Walker v. Lykes Brothers-Ripley S.S. Co., La.App., 166 So. 624; Kern v. Southport Mill, 174 La. 432, 141 So. 19; Cudahy Packing Company v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Bountiful Brick Co. v. Giles,276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402, and Voehl v. Indemnity Ins. Co. of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245. In the last of the cited cases, the Supreme Court of the United States held that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which is made applicable to employees of the District of Columbia (D.C. Code 1929, T. 19, §§ 11, 12; 33 U.S.C.A. 901 note), covered an injury sustained by a warehouse manager while driving his private automobile to the employer's place of business on a Sunday, as such accident was one arising out of and in the course of his employment.
Counsel for plaintiffs concede that, in the case at bar, the accident which befell Rhinehart would be compensable under the Longshoremen's and Harbor Workers' Compensation Act as one arising out of and in the course of his employment, if claim was being made for compensation under that Act. But they proclaim that, since the rule (permitting employees to recover compensation for injuries received by them when they are coming to or leaving the employer's place of business as a result of hazards encountered by them which are peculiar to the nature of the employment) is founded upon a liberal interpretation of compensation laws in favor of the claimant and since such a liberal interpretation will not be adhered to in cases involving the master's liability for the servant's negligence insofar as third persons are concerned, there is no valid ground in this case to give the Longshoremen's and Harbor Workers' Compensation Act the broad interpretation which has been adopted by the courts because plaintiffs are not seeking compensation but are pursuing their rights as designated beneficiaries under Article 2315 of the Civil Code on a cause of action based upon the negligence of the defendant employer. In other words, the substance of counsel's contention is that, although Rhinehart (if he had lived) could have maintained a claim under the Longshoremen's and Harbor Workers' Act only and would have had no right to sue under Article 2315 of the Civil Code and although his dependents, if he had left dependents entitled to compensation under the Longshoremen's *Page 291 
and Harbor Workers' Act, would have been limited to the remedies provided by that statute, plaintiffs, who are admittedly not dependents within the meaning of the Act and are without a right to obtain compensation thereunder, should be permitted to pursue the remedy given by Article 2315 of the Code, which remedy would be denied to the employee himself or to his legal dependents.
This argument, we think, is strikingly similar to the point made by the plaintiffs in the recent case of Atchison v. May,201 La. 1003, 10 So.2d 785, decided by the Supreme Court of Louisiana. There, the surviving brother and sister of a deceased employee, who was killed in the course and scope of his employment, brought an action under Article 2315 of the Civil Code to recover damages for his death alleging that the accident resulted from the employer's negligence; that they were not dependent upon the deceased for support and therefore were not entitled to compensation under the State Employers' Liability Act and that the deceased did not leave surviving dependents who could enforce payment of compensation under the law. They maintained that, in view of the fact that the employee did not leave dependents entitled to compensation, the provisions of the State Workmen's Compensation Law had not abrogated or superseded their right to obtain damages under Article 2315 of the Civil Code. The court rejected this argument and held that the provisions of the Employers' Liability Act were exclusive where the accident arose out of and in the scope of the employment and that the liability of the employer in such case was limited to the compensation provided under the Act which was payable to the employee or his dependents.
The proposition advanced by plaintiffs in this case varies but slightly from the contention made by the plaintiffs in Atchison v. May. Here, the plaintiffs are in a somewhat similar position to the plaintiffs in that case, because they admittedly are not dependents of their deceased brother within the purview of the Longshoremen's and Harbor Workers' Compensation Act and therefore cannot obtain the benefits provided by that statute. Furthermore, their counsel are forced to concede that, unless the court will resolve that Rhinehart's death did not result from an accident arising out of and in the course of his employment, plaintiffs must suffer the same fate of the plaintiffs in the Atchison case, since the provisions of the federal act as to the exclusiveness of the remedy afforded thereunder have the effect of depriving them of the remedy given by Article 2315 of the Civil Code. However, as we have stated, they strenuously adhere to the proposition that, since they are not claiming compensation, we should give to the Longshoremen's and Harbor Workers' Compensation Act a strict interpretation and should conclude that, because their brother was killed while he was leaving the premises of the defendant as a consequence of a hazard which he encountered by virtue of his employment, he was, nevertheless, out of the scope of that law insofar as plaintiffs are concerned.
We think that the defect in the argument is that it fails to recognize the source of plaintiffs' right to sue under Article 2315 of our Civil Code. Rhinehart was killed on navigable waters of the United States. Therefore the right of action, if any, for his death was vested primarily in the courts of the United States under the maritime law. See Article 3, section 2 of the United States Constitution. It is true that Congress, in the enactment of the Judicial Code. 28 U.S.C.A. § 371 after providing that the jurisdiction of the courts of the United States shall be exclusive of the courts of the several states "* * * of all civil causes of admiralty and maritime jurisdiction * * *", declared that there should be saved "to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it * * *" and thus permitted the state courts to enforce the remedies provided by their own local laws, notwithstanding its unquestioned power to confine the trial of admiralty and maritime cases to the federal courts. However, by the passage of the Longshoremen's and Harbor Workers' Compensation Act, Congress specifically restricted the powers of the state courts to entertain actions under their own laws by declaring, in Section 5 of the Act, see Section 905, 33 U.S.C.A., that "liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative * * * dependents, next of kin, and anyone otherwise entitled to recover damages from suchemployer at law or in admiralty on account of such injury ordeath, * * *" (Italics ours.) *Page 292 
Hence, it is plain that, whereas Congress was vested with the power under the Constitution (see U.S.Const. Art. 3, Sec. 2; Art. 1, § 8, and Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L. Ed. 834, 11 A.L.R. 1145) to grant to the courts of the United States exclusive jurisdiction in all admiralty and maritime cases, it did not exert its full power in enacting the Judicial Code, 28 U.S.C.A. § 371, wherein it reserved to suitors the right to proceed in the state courts under the common law in certain cases. But this grant of jurisdiction to the State Courts was partially abrogated by Congress when it enacted the Longshoremen's and Harbor Workers' Compensation Act, forasmuch as it was provided that the remedies granted by that act were exclusive and in place of all other liability of the employer in law or admiralty.
Thus, it is apparent that plaintiffs have no right of action to sue for the death of their brother under Article 2315 of the Civil Code, since this right was specifically superseded by Congress in the Longshoremen's Harbor Workers' Compensation Act. And, since it is well settled that the death of Rhinehart resulted from an accident arising out of and within the scope of his employment within the meaning of the Longshoremen's Act and that, if he had left dependents as defined by that statute, they would have been accorded the remedies therein provided, the state court is without jurisdiction to grant relief to plaintiffs under Article 2315 of the Civil Code.
Counsel for plaintiff next contend that, assuming that Rhinehart's death arose out of and in the course of his employment, the Longshoremen's and Harbor Workers' Act is, nevertheless, not exclusive of the remedy granted to them by Article 2315 of the Civil Code in view of the saving clause contained in the Judicial Code, 28 U.S.C.A. § 371, which reserves to suitors in admiralty cases a common law remedy where the common law is competent to give it. The cases of Gray v. New Orleans Dry Dock Shipbuilding Co., 146 La. 826, 84 So. 109; Haynes v. Luckenbach Gulf S.S. Co., La.App., 170 So. 909 and Messel v. Foundation Co., 274 U.S. 427, 47 S.Ct. 695, 71 L.Ed. 1135, are cited in support of this point.
The proposition is fully answered by what we have heretofore stated with respect to the effect of the passage of the Longshoremen's and Harbor Workers' Act. The cases cited by counsel were all decided before the passage of the Longshoremen's Act and merely hold that, where the employee is injured or killed on navigable waters of the United States, he or his survivors, in case of death, have a right to proceed under Article 2315 of the Civil Code. This is true, provided the case is one which is not cognizable under the Longshoremen's Harbor Workers' Compensation Act, in which event the jurisdiction of the federal courts is exclusive.
Counsel next assert that, since the plaintiffs in this case are not afforded any relief whatever under the Longshoremen's 
Harbor Workers' Compensation Act, they must have recourse to some other remedy, which remedy is Article 2315 of the Civil Code.
This contention has likewise been answered by what we have heretofore said and also by the decision in Atchison v. May, supra. The Longshoremen's Harbor Workers' Compensation Act limits the liability of the employer in cases of this kind to that provided by that law and abrogates the claims of any person entitled to recover damages against such employer, at law or in admiralty, on account of the injury or death of the employee.
In the lower court, counsel for plaintiffs questioned the constitutionality of the Longshoremen's Harbor Workers' Compensation Act. The point has been reserved and argued in this court. It is submitted that the act violates the Fifth Amendment of the Constitution of the United States (in that it deprives plaintiffs of their property without due process of law) and also the Tenth Amendment.
These points are without substance. The statute has been declared constitutional by the Supreme Court of the United States. See Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Plaintiffs had no vested property right under article 2315 to sue for the death of their brother until his death occurred. The prosecution of this right was permitted, not by the state of Louisiana, but by Congress itself when it provided in the Judicial Code that suitors having a common law remedy in admiralty and maritime cases could assert such remedy in the courts of the state. The source which allowed the assertion of the remedy, i.e., Congress, abrogated it, insofar as this type of case is concerned, by the passage *Page 293 
of the Longshoremen's Harbor Workers' Act.
We do not quite understand the respect in which the Longshoremen's Act is alleged to violate the Tenth Amendment of the Constitution, unless it be that counsel entertain the view that the power to legislate in admiralty and maritime matters has not been delegated to Congress. This, of course, is not true as the Federal Constitution provides otherwise.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.