## BOUIS v. ÆTNA CASUALTY & SURETY CO.

### Civ. A. No. 2924.

United States District Court
W. D. Louisiana, Shreveport Division.

June 18, 1951.

See also D.C., 97 F.Supp. 236.

Luther S. Montgomery, Richard H. Switzer and Irion & Switzer, all of Shreveport, La., for plaintiff.

C. D. Egan and Cook, Clark & Egan, all of Shreveport, La., for defendant.

DAWKINS, Chief Judge.

The nature of this case is set forth in the opinion handed down on August 8, 1950, 91 F.Supp. 954, and will not be repeated here.

The question for consideration now is a motion to strike the prayer made in the complaint for trial by jury, the grounds being that the Seventh Amendment to the Federal Constitution has no application to actions in tort, such as this for personal injuries. In view of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, holding that there is no such thing as a federal common law, it is argued that the issue is controlled by the state of the common law of England at the date of the adoption of the National Constitution in 1789; that such actions were unknown to that system, are purely statutory and fall without the reach of the said Seventh Amendment.

Any attempt to answer the arguments of counsel for the opposing sides or to analyze the cases, would entail an effort and the consumption of time greater than the crowded condition of this court's docket will permit, notwithstanding the temptation presented by the wealth of citations and the very interesting constitutional questions involved. The jury was prayed for in the complaint, and there is no issue of its timeliness.

 This judge is impressed that there is one short and direct answer to the question: Since it is only the common law of the several states, as understood and inherited from England in states other than Louisiana (the Constitution having been adopted before the latter's purchase from Napoleon and this state having brought with it into the Union basic principles of the Civil Law) to the extent that either the mother country or the colonies had added to or modified that common law to include causes of action, which, either by express provision or common practice, accorded at that time the use of juries in cases at law, it was the intention to preserve those rights by the Seventh Amendment. Of course, as to causes of action which have since been created by statute, and were unknown at the adoption of this amendment, the holding has uniformly been that it has no application. Whether this view will remain, in the light of other landmarks which have toppled, lies in the lap of the future. Who is to say when a usage is to begin or how long it must continue before it can be recognized as law common even to England or the several states of this Union? Certainly, it should be a living, growing and expanding thing, and it is not believed that we are justified in conceding to the ancients the sole wisdom in building it into an instrument to meet the needs of modern society.

The substantive law of Louisiana had its origin from another source, much of which was written and codified, as distinguished from the common law of England. Must it, for this reason, be considered without the protection of the Seventh Amendment? The state was admitted on equal terms with all others and brought with it, under the protection of the Constitution, those rules, customs and practices which were common to the Civil Law, just as effectively as did the thirteen original states. No reason can be seen why, because much of this body of law was written, any different rule should be applied. Article 2315, in slightly different verbiage, the changes arising from statutory amendments, is traceable back through the Codes of 1825, Article 2294; 1808, Article 16; and the Code Napoleon of 1804, Article 1382; and it is believed occupies a position equivalent to any recognized rule of English common law. See Messel v. Foundation Company, 274 U.S. 427, 47 S.Ct. 695, 71 L.Ed. 1135; Parsons v. Bedford, Breedlove & Robeson, 3 Pet. 433, 7 L.Ed. 732; Waring v. Clarke, 5 How. 441, 12 L.Ed. 226. See also Judiciary Act of 1789, Chap. 20, Sec. 9, and Rule 38, Federal Rules of Civil Procedure, 28 U.S.C.A.

The Rules of Federal Procedure, No. 38, preserve the right of jury trial under the Seventh Amendment, but, for practical reasons, specify the manner in which it shall be exercised in order to carry out the principal purposes of those rules to simplify and expedite the procedure of the federal courts.

The motion to strike should be denied.